## 9249

## FARMERS & MERCHANTS BANK v. RIVERS *ET AL.*

### (87 S. E. 438.)

NOTICE. EVIDENCE. PRESUMPTIONS. CHARGE. ISSUES. NEW TRIAL. APPEAL AND ERROR.

1. TRIAL—INSTRUCTION—CURE OF ERROR.—In an action to foreclose a mortgage, though part of an instruction was tantamount to charging that as against subsequent creditors or purchasers for value, a deed unrecorded within 40 days after execution and delivery was invalid, regardless of personal knowledge, the objection was cured by the further clause, "That is to say, parties who dealt with this land for value without notice of the existence of this deed could not be affected by it."

2. CHARGE—ISSUES.—A charge which undertakes to state that a certain verdict must follow from proof of specified circumstances, is erroneous where it ignores a material issue in the case which might change the verdict.

2a. ADVERSE POSSESSION—POSSESSION OF REALTY.—Where defendant, in an action to foreclose a mortgage, joined under the allegation that he claimed some interest in the mortgaged premises, had held the land in open, adverse, and continuous possession for more than 20 years last past, he held title thereto, irrespective of the conveyances of other parties.

3. NEW TRIAL—APPEAL AND ERROR.—The refusal of motion for new trial involving questions of fact will not be reviewed on appeal.

4. EVIDENCE—PRESUMPTIONS.—Possession is presumed to follow title.

Before SEASE, J., Greenwood, October, 1914. Reversed.

Action by Farmers and Merchants Bank against W. L. Rivers and C. A. C. Waller. From judgment for plaintiff, defendant appeals. The facts are stated in the opinion.

*Messrs. Giles & Ouzts,* for appellant, cite: *As to adverse possession:* Code Civil Proc., secs. 128, 129 and 130; Civil Code, sec. 3543; 82 S. C. 378; 72 S. E. 235; 79 S. C. 286; 29 S. E. 147.

*Mr. D. H. Magill,* for appellants, cites: *As to notice:* 1 McC. 170, 171; 78 S. C. 501; 22 S. C. 32; 14 S. C. 626. *Location:* 2 McMul. 75.

*Messrs. Grier, Park & Nicholson* and *Tillman & Mays,* for respondents, cite: *As to charge:* 82 S. C. 378.

December 20, 1915.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This action was brought to foreclose a mortgage given by the defendant, Rivers, to the plaintiff bank. The defendant, Waller, was made a party under the allegation that he claimed some interest in the mortgaged premises.

Mr. Waller answered, setting up title to the land in himself. This defendant based his claim of title upon a deed from Eliza Crews to defendant, Waller, dated 15th March, 1870, recorded 17th July, 1909, and also by prescription, claiming to have been in possession of the land since 15th March, 1871. The case was tried before a jury, who brought in a verdict for the plaintiff. The defendant, Waller, appealed.

There are three exceptions.

"Because it was error to charge the jury as follows: 'I charge you that at the date of this deed the law required it to be recorded within forty days after its execution and delivery in order to be valid so as to affect the rights of the subsequent creditors or purchasers for valuable consideration without notice, and it is only valid against such when recorded within this period of time; this instruction being tantamount to charging the jury that personal knowledge of a deed would not operate to make valid such deed against a subsequent purchaser.'"

This exception contains only a part of a request to charge. The remaining portion of the request cures the defect. The remaining portion reads as follows:

"That is to say, parties who dealt with this land for value without notice of the existence of this deed could not be affected by it."

This exception can not be sustained.

"Because it was error to charge the jury as follows: 'If you believe from the evidence that E. R. Goodwin purchased the lot in question from F. M. Allen, without actual knowledge or notice of the deed from Eliza S. Crews to C. A. C. Waller, then I charge you as matter of law that your verdict must be for the plaintiff;' the error being: (1) In instructing the jury that the verdict must be for the plaintiff if they believe from the evidence that said E. R. Goodwin purchased the lot in question from F. M. Allen without actual knowledge or notice of the deed from E. R. Calhoun to Eliza S. Crews, and that from Eliza S. Crews to C. A. C. Waller, regardless of whether such belief was formed by a preponderance of the evidence or in opposition thereto, and whether the defendant, Waller, had held the land as alleged in his answer, in open, adverse and continuous possession for more than twenty years last past.

(2) That in so charging the province of the jury was invaded by his Honor when he indicated to the jury his opinion that Rivers and his predecessors were subsequent purchasers for value without notice."

This exception is sustained, for the reason that Mr. Waller might have had a verdict if the jury believed that he had had possession as he claimed.

The third exception is as follows:

"It was error to overrule the motion for a new trial made on the following grounds:

1. The sixth request was charged by the Court and disregarded by the jury, in that it has not been established by any of the four methods mentioned in the said request that the defendant, Rivers, is the owner of the land.

2. It has not been proved that the defendant, Rivers, was in possession, it is not alleged that he is or ever was in possession of the land in controversy, but it has been shown that the title is not in Rivers.

3. That the plaintiff has shown that the Aldrons-Graydon lot was ninety feet square, and, if that be true, then the

Rivers lot was not a portion thereof, and hence there is an utter failure of proof of title in Rivers from any source, to the land in dispute.

4. The proof of the defendant, Waller, shows that the fence built by him and the witness, W. N. Graydon, passed over that portion of the land which is occupied by the livery stable, which sustains the proof of the plaintiff, and the contention of the defendant, Waller, as well, that the Aldrons-Graydon lot was square.

5. The jury disregarded the law contained and charged in the ninth request submitted by the defendant, Waller, as to artificial marks, to wit, the fence mentioned, adjacent boundaries and courses and distances."

All these specifications refer to matters of fact, except No. 2. There was some proof of title, and possession follows title.

The judgment is reversed.