9667

FARMERS & MERCHANTS BANK v. RIVERS *ET AL.*

(92 S. E. 753.)

1. MORTGAGES—FORECLOSURE—TITLE—QUESTION FOR JURY.—In a bank's action to foreclose a mortgage case, whether the bank's and the mortgagor's title was paramount to a third person's alleged legal title *held* for the jury under the evidence.

2. MORTGAGES—LOCATION OF LOT—QUESTION FOR JURY.—In an action to foreclose a mortgage, question of the location of the land was for the jury, plaintiff denying that the deed to a third person claiming title covered the mortgaged lot.

3. EVIDENCE—ADMISSION—EFFECT.—When a mortgagor and the mortgagee bank, in the bank's suit to foreclose, admitted that a third person, claiming title to the mortgaged lot, was in possession of an

adjoining lot, they did not admit that he was in possession of the mortgagor's lot.

4. TRIAL—INSTRUCTIONS—REFUSAL OF REQUEST.—In a bank's suit to foreclose a mortgage, where there was testimony that a boundary line of the lot was defined by a substantial fence, and was at present marked by a line of stone posts put up by a third person claiming title, the refusal of such third person's request as to 20 years' possession was not erroneous as leaving the jury at liberty to treat as sufficient color of title the deeds in the alleged chain of the mortgagor's title, though the disputed boundary line was left undefined.

5. ADVERSE POSSESSION—CLAIM UNDER WRITTEN INSTRUMENT—INCLOSURE AND CULTIVATION.—Under the statute (Code Civ. Proc. 1912, sec. 130) providing as to what constitutes adverse possession by a person claiming title, "not founded upon a written instrument," etc., where defendant's title was founded on a written instrument, he did not need to show inclosure and cultivation.

6. ESTOPPEL—QUESTION FOR JURY.—Where the owner of land paid a share for the repair of a division fence, and, after it fell down or was removed, put up his own line of demarcation between his own lot and his neighbors', and allowed others to treat even his own land as the land of his neighbors', in a bank's suit to foreclose a mortgage, wherein he was joined as claiming title to the land covered by the mortgage, the question of estoppel was for the jury.

Before WILSON, J., Greenwood, April, 1916.    Affirmed.

Action by the Farmers & Merchants Bank against C. A. C. Waller and another. From a judgment for plaintiff, the named defendant appeals.

*Mr. Hunter A. Gibbes,* for appellant, cites: *As to boundaries and location:* 53 S. C. 90. *New trial on question of location:* 11 Rich. 597. *Possession follows legal title:* 78 S. C. 513. *Burden of proof:* 71 S. C. 322. *Presumption from possession:* 37 S. C. 102; 14 S. C. 594 and 552; 78 S. C. 23. *Possession defined by color of title:* 59 S. C. 115; 42 S. C. 138. *Proof of title:* 15 S. C. 269 and 478; 36 S. C. 384; 26 S. C. 160 and 608. *Color of title:* 152 N. C. 56; 22 S. C. 548; 17 S. C. 14. *Verdict against weight of evidence:* 2 McMul. 75. *Admission by subsequent owner before acquiring title:* 17 S. C. 139. *Estoppel in pais:* 12 S. C. 350; 13 S. C. 370; 26 S. C. 179.

*Messrs. McCullough, Martin & Blythe,* also for appellant, cite: *As to possession as notice:* 29 S. C. 147; 82 S. C. 381. *Effect of color of title:* 1 Cyc. 1084; 1 A. & E. Enc. of L. 863. *Possession by enclosure:* Code Civ. Proc., sec. 130; 1 Cyc. 989; 27 S. E. 255; 59 Am. Dec. 115; 183 Ill. 575; 56 N. E. 187. *Estoppel:* 81 S. C. 23; 42 S. C. 351; 22 S. C. 550; 93 U. S. 337; 67 S. C. 432.

*Messrs. Grier, Park & Nicholson* and *Tillman & Mays,* for respondent, cite: *As to adverse possession:* 82 S. C. 215; 105 S. C. 329.

April 11, 1917.

The opinion of the Court was delivered by Mr. JUSTICE FRASER.

There are 14 exceptions, but appellant thus states the contentions:

"The plaintiff bank brings action in March, 1914, to foreclose a mortgage on a lot, the title to which is claimed by the defendant, Rivers. The mortgage was given by him. The defendant, Waller, was made a party to test his claim to title. It has been tried before, went to the Supreme Court and judgment for the plaintiff was there reversed (103 S. C. 84, 87 S. E. 438), and the case sent back for a new trial.

"There was a new trial before his Honor, Judge Wilson, and a jury, and from the judgment for the plaintiff upon a verdict defendant, Waller, now appeals.

"The controversy involves a small lot 26 feet and 10 inches on Mechanic street, in the town of Greenwood, and running back 93 feet and 8 inches. It is accepted as the law of the case, and so charged, that the bank must recover, if at all, upon the strength of its own title and the Rivers title, and must show by the preponderance of the evidence 'that their claim is paramount to the alleged legal title alleged by the defendant, Waller.' There are two contentions upon behalf of the appellant: (1) That, upon the

whole case, he was entitled to a verdict in his favor; and (2) that, if this be not true, then upon any one of several exceptions he is, at least, entitled to a new trial."

1. The appellant was not entitled to a charge that was equivalent to a direction of a verdict upon the whole case. There was testimony on behalf of the plaintiff to show that on the 20th December, 1882, a lot of land of which the lot in dispute was a part was conveyed to Mrs. Susan E. Graydon, and she went into possession thereof and kept the possession until 2d January, 1893; that the lot in question was located in her garden, and surrounded by a substantial fence, and the land in actual cultivation; that through successive possessions the lot has come to Mr. Rivers, the mortgagor; that while Mr. Waller now claims that his deed covers this lot and the remainder of the Graydon place, that Mr. Waller has bought one of these lots from one who claims under the Graydon title and a house from another purchaser under the Graydon title; that the appellant has put up a line of stone posts between the Rivers lot and a lot owned by appellant; that the line of stone posts is on the line of old Graydon garden fence, and that when the line fence needed repair the appellant paid to the possessor of the Rivers lot a portion of the expense of repairing the fence; that Mr. Rivers and his grantors have been in actual possession of this lot continuously and uninterruptedly since 1882, claiming it adversely to all the world. There was evidence enough.

Upon the second branch of the case we say:

2. Appellant complains that his Honor did not tell the jury Mr. Waller had the older title to the lot in question. This he could not have done, as the respondent denied that the Waller deed covered the lot in question. It was a question of location, and that was a question for the jury.

3. The appellant complains that his Honor erred in not stating to the jury that there were only four questions to

be decided: (a) Innocent purchaser without notice; (b) twenty years' adverse possession; (c) ten years' adverse possession; (d) estoppel. His Honor could not have so charged, as that statement omitted the question as to the location of the Waller land.

The respondents claimed that the true location of the Waller land did not include the land in dispute. That was a question for the jury, and his Honor had no right to take it from them.

4. "The trial Court erred in failing and refusing to charge the defendant Waller's third request to charge, as follows: 'Under the undisputed facts, the plea of innocent purchaser for value without notice cannot avail the bank and Rivers in this case.' "

The respondent certainly disputed the facts. When the Waller deed was made, possession was notice of an unrecorded deed, but the respondents denied that Waller was ever in possession of this land. When respondents admitted that Mr. Waller was in possession of an adjoining lot, they by no means admitted that he was in possession of the Rivers lot.

5. "It was error to refuse Waller's fourth request to charge, as to 20 years' possession, since the jury was left at liberty to treat as sufficient color of title the deeds in the alleged chain of Rivers' title, although the disputed boundary line was left wholly undefined."

There was testimony that the line was defined by a substantial fence, and is even now marked by a line of stone posts put up by appellant himself.

6. The fifth and sixth exceptions complain of error in that the evidence failed to show a sufficient inclosure and cultivation under the statute. The statute says: "For the purpose of constituting an adverse possession by a person claiming title not founded upon a written instrument," etc. Code Civ. Proc. 1912, sec. 130.

This title was founded on a written instrument, and the statute does not apply.

The seventh and eleventh exceptions have been covered.

7. There was abundant evidence to warrant the submission of the question of estoppel to the jury, and the eighth and ninth exceptions are overruled.

When Mr. Waller paid his share for the repair of a division fence, and after it fell down, or is removed, puts up his own line of demarcation between his own lot and his neighbor's, and allows others to treat even his own land (if it was his) as the land of his neighbor's, he must expect to have the question of estoppel submitted to the jury.

We have considered all the questions argued, and more. All are overruled, and the judgment is affirmed.

MESSRS. JUSTICES HYDRICK and GAGE concur in the opinion of the Court.

MR. CHIEF JUSTICE GARY concurs in the result.

MR. JUSTICE WATTS dissents.