The opinion of the Court was delivered'by
Colcock, J.
I take it to be a well established principle, that a person may take possession of his own property wherever he may find it, though not permitted to use violence or do an injury to another. In treating of the action of trespass for injuries to personal property, is considered:
“ 1. With reference to the thing affected.
2. The plaintiff’s right thereto.
Dunhin, for the motion. Wilson, contra.
3. Tlie nature of the injury ; and,
4. The situation in which the defendant stood, as whether tenant in common, bailee,” &c.
“ With respect to the plaintiff’s interest in the property affected, he must, at the time when the injury was committed, have had an actual or constructive possesssion, and also a general or qualified property therein ; which may be either : 1. In the case of the absolute or general owner entitled to immediate possession : 2. The qualified owner, coupled with an interest, and also entitled to immediate possession : 3. A bailee with a mere naked authority, unaccompanied with any interest, except as to remuneration for trouble, &c., but who is in actual possession: 4. Actual possession, though without the consent of the real owner, or even adverse.” In which latter case one may maintain trespass or. tro ver against all hut the real owner. An instance of which is the finder of any article. Armory v. Delamirie, 1 Str. 505. 2 Saund. 47 a. n. I.[1] It is even said, that one who has an illegal possession may maintain this action against all but the real owner. 1 Chit. 167. When violence is used, the owner is not subject to an action for the taking of the property, though he may be subjected to & prosecution for the violence, or to an action for any injury which may be done to the property of the plaintiff in the act of taking. Where a plaintiff is in possession of land under a void lease, he may maintain possession against a wrong doer. But if a defendant can show himself entitled to the land or to the possession, he cannot be made responsible to a person who has nothing more than a naked possession, even though he entered upon and took possession of the land by force. 4 Johns. Rep. 150. Taunton v. Gostar, 7 T. R. 427. If the entry be with strong hands, or a multitude of people, it is an offence for which the party entering must answer criminally,[2] but this cannot ^render him a trespasser against a party who has no interest in the r*h.0 locus in quo, and is in fact a wrong doer in consequence of his L illegal entry. So also, it is said, where a tenant from year to year holds over after proper notice to quit, the landlord enters by force, and turns him out, he cannot maintain trespass against tbe landlord. The motion is granted.
Bay, Johnson and Nott, JJ., concurred.

 1 Smith's Lead. Ca. 151, marg.; see 4 Rich. 239, 242.

 Rice, 71; 1 Bail. 306.
Post. 301.