there was also due $265.97 as interest. On that day Watson assigned to Ellerbe "eight hundred dollars of the debt and interest due on within execution." *Held*, that this assignment transferred the $265.97, interest then due, and $534.03 of the principal, and that Ellerbe was entitled to receive out of the proceeds of this judgment $534.03, with interest from May 16, 1871, and $265.97 without interest. Decree of PRESSLEY, J., modified. OPINION by MR. JUSTICE McIVER, February 4, 1887. *Johnson & Johnson*, for Ellerbe. *F. D. Bryant* and *Sellers & Sellers*, contra.

No. 1982. MEADE *v.* CAROLINA NATIONAL BANK. November Term, 1886. In action against a bank, the question was whether plaintiff had made a certain deposit in the bank on a day stated. The cashier being on the stand as a witness for the defendant, explained the manner of handling money and keeping books by the defendant, and was then asked by defendant's attorneys: "If plaintiff really made the deposit as he claims, on what theory, if any, can you account for its not appearing on the books of the bank?" Plaintiff objected, but the objection was overruled, and witness answered: "Upon no other theory, but that the teller put the money in his pocket." The appeal involved only the correctness of this ruling by the Circuit Judge (Kershaw).

This court held that the question was incompetent; that the matter involved was a specific fact—whether or not a certain deposit had been made on a given day—and was not a matter of opinion; that it was for the jury and not the witness to draw inferences from the facts in evidence. Judgment reversed. OPINION by MR. JUSTICE McIVER, February 14, 1887. *J. C. Haskell*, for appellant. *Clark & Muller*, contra.

No. 1992. HARVEY *v.* HARVEY. November Term, 1886. This is a second appeal, the first appeal being reported in 25 *S. C.* at page 283, where the facts are fully stated. The question raised between the defendants was there left open. On its return to the court below, the Circuit Judge (Hudson) held that Swink was not entitled to recover the land from Jane Ward and William Harvey, because he had failed to establish title in himself, and because Jane and William were protected by the adverse holding

of Caroline and her son, Jonas, for more than twenty years. On appeal by Swink, this court found it unnecessary to pass upon Swink's proof of title, *holding*—

1. A party cannot recover land from persons in possession, who went in under others who had perfected their right to hold by adverse possession.

2. Where a party takes possession of land under a mere parol gift, and thenceforward claims it adversely, he acquires title thereto after the expiration of ten years.

3. Parties in possession of land are not required to show any title in themselves, where it does not appear that the title is in the claimant.

4. Where parties hold title under another, they cannot deny that such person once had title, but they can dispute any present title in him. Judgment affirmed. OPINION by MR. JUSTICE McIVER, March 1, 1887. *J. S. R. Thomson*, for appellant. *Duncan & Sanders*, contra.

No. 2008. VERNER *v.* DAVIS. November Term, 1886. Defendant Davis made an assignment for the benefit of his creditors. Subsequently, upon the application of a creditor in supplementary proceedings, the plaintiff was appointed receiver, and as such brought this action to have the assignment vacated, upon the grounds that there was a preference, in that the assignment provided for a fee to be first paid the counsel who prepared the instrument; that the assignor had concealed a portion of his estate, pretending that it was his wife's property; and that the assignment was pretensive, illegal, and void. Davis, his wife, the assignee, and the agent for creditors, defendants, demurred orally upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The Circuit Judge (Kershaw) refused the demurrer, holding that the counsel fee was not an illegal preference, and that the concealment of property was no ground for vacating the assignment, but that the other charges of the complaint made a cause of action. On appeal these rulings were sustained. Judgment affirmed. OPINION by MR. JUSTICE McGOWAN, March 11, 1887. *W. L. Wait*, for appellant. *Perry & Heyward*, contra.