8796

NICHOLSON *ET AL.* v. VILLEPIGUE.

(81 S. E. 494.)

ACTIONS FOR RECOVERY OF REAL PROPERTY. PRACTICE. LIFE ESTATES. TRIAL. INSTRUCTIONS.

1. The Supreme Court, on appeal from an order of nonsuit at the close of plaintiff's case, had no jurisdiction to determine the facts so as to conclude the Court on a new trial.

2. Whether the plaintiff, in an action for damages for unlawful entry on land, and to recover possession, ever had possession of the land was a question for the jury to determine.

3. The plaintiff, in an action for unlawful entry on land, and for posses- sion, wherein a general denial was interposed, was put upon proof of his possession, and, if he failed to prove that he ever had posses- sion, the possession of the defendant required him to show title in order to recover.

4. An exception to an instruction, in an action for unlawful entry on land, and for possession, that plaintiff introduced the same proof as upon a former trial, could not be sustained on the ground that plaintiff did not introduce a tax deed that he had introduced on the former trial, where such deed was introduced by the defendant, and was before the jury.

5. The defendant, in an action for unlawful entry on land, and for possession, who interposed a general denial, was entitled to rely on the defense that plaintiff failed to prove that he ever had possession, and that the tax deed under which he claimed was void, and did not cover the land in dispute.

6. The failure of the Court to construe deeds in the chain of title of the plaintiff, in an action for unlawful entry on land, and for posses- sion, was not error, where it did not appear that such construction was necessary, and it was not requested.

7. Whether a sheriff's deed, under which the plaintiff, in an action for unlawful entry on land, and for possession, claimed title, covered the land in dispute was for the jury, where there was a question whether the land was covered by such deed.

8. That the deed to the grantor of the plaintiff, in an action for unlawful entry, and for possession, may have conveyed only a life estate did not necessarily require a judgment for defendant on plaintiff's death and the substitution of his heirs, where there was no evidence of the death of plaintiff's grantor, since plaintiff's estate would last during his grantor's life.

9. The recital in a deed from the Sinking Fund Commission to one who was its authorized agent of a consideration of "one dollar and other valuable considerations" was not sufficient to show that the transfer was fraudulent, where the value of the other considerations did not appear.

10. Possession is necessary to maintain an action of trespass.

11. Possession is necessary to complete a tax title.

Before GAGE, J., Camden, November, 1912.   Reversed.

Action for recovery of possession of land, and damages for trespass committed thereon, brought by C. T. Nicholson *et al* against K. S. Villepique.   Verdict for plaintiff.   Motion for new trial refused.   Defendant appeals from the judgment entered thereon.

*Mr. B. B. Clarke,* for the appellant, contra.

*Messrs. Kirkland & Kirkland* and *E. D. Blakeney,* for respondent, cite: *Discretionary power of Sinking Fund Commission:* 1 Code of Laws, 1912, sec. 95, 83, 88.   *Trespass cannot raise question of fraud in title of one on whose possession he intrudes:* 14 A. & E. Enc. of L. 280.

April 20, 1914.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is the second appeal.   The plaintiff alleged that he was seized in fee of a certain tract of land, and that the defendant had taken possession of forty acres of said land. The defendant answered, setting up a general denial and

pleading the ten-year bar of the statute, and the twenty-year presumption of a grant. On the first trial the plaintiff offered evidence to show that he had a deed, which, he claimed, included the land in dispute. That he had been in possession of the land by a tenant, who was put there to keep off trespassers, and had rented the land to the defendant; that the defendant, after the expiration of his lease, had gone into possession and trespassed upon his possession. The defendant also attacked the plaintiff's title. At the close of the plaintiff's case a nonsuit was moved for and granted, on the ground that the plaintiff had not made out a *prima facie* case. This Court reversed the order and held, in short, that: that on a motion for a nonsuit the evidence of the plaintiff must be assumed, for the purposes of the nonsuit, to be true. On a motion for a nonsuit the evidence of the plaintiff is taken to be true, *i. e.*, the statements of plaintiff and his witnesses are treated as proved. This Court said that "not one of these statements may be true, but on a motion for a nonsuit they are assumed to be true." 91 S. C. 234, 74 S. E. 506.

In the former appeal this Court held that where one is in possession of a tract of land he is presumed to have title and can recover from a trespasser who invades his possession, and that the trespasser can not show defects in plaintiff's title in order to defeat the action, *i. e.*, defeat his rights claimed from possession.

No fact was found by this Court, and it had no jurisdiction to find the facts. Under the general denial, the plaintiff was put to proof of his possession, and after all the evidence was in, it was for the jury to decide whether plaintiff ever had possession or not. If the jury came to the conclusion that the plaintiff never had possession, then the plaintiff must stand on his title, because the plaintiff admitted that the defendant is now in possession. The protection thrown around possession (if plaintiff never had possession) is shifted to the defendant and plaintiff is thrown back on

proof of his title and the plaintiff must show title before he can disturb defendant's possession.

The following are the exceptions:

Exception I:

"In charging and holding that plaintiff introduced the same proof at this trial as at the former trial, in that at the former trial plaintiff introduced tax title—conveyance from sheriff of Kershaw county to James G. Gibbes, while at this trial plaintiff failed to do so."

This exception cannot be sustained. The sheriff's deed was introduced by defendant and was before the jury. It could not matter who introduced it.

Exceptions II, III, and IV:

"II. In holding and charging that the 'only way Villepigue can escape the title proved at the first trial and proved now, is to prove that the title is not what it purposes to be, either he has title or those under whom he claims have title. I understand that to be the decision of the Court.' (Meaning the Supreme Court of South Carolina.) The error of law being found in misapprehending the decision of our Supreme Court, and thereby precluding jury from considering testimony tending to prove a complete defense under general denial, to wit: That there was no assessment of the property that was sold for taxes; that the land in dispute was not embraced in tax deed; that plaintiff, or those under whom he claimed, had never been in possession of the land in dispute.

"III. In assuming in his charge that Nicholson had been in possession of the land in dispute.

"IV. In charging and holding that the only ground that defendant could rely on in this case was adverse possession. The error of law being found in depriving defendant of the benefit of his general denial and the evidence offered thereunder, to wit: Evidence tending to show no possession on the part of plaintiff, or those under whom he claimed; the

invalidity of sheriff's deed; that the land in dispute was not covered by sheriff's deed."

These exceptions are sustained for the reasons set forth above.

Exception V:

"In failing and refusing to construe deeds in plaintiff's chain of title on the ground that they had already been construed by our Supreme Court, the error of law being found in not passing upon points made at this trial which were not before the Circuit Court or Supreme Court at the former trial.

The case does not show that the sheriff's deed needed construction or that it was requested.

Exception VI:

"In not holding and charging that it was for the jury to determine whether or not sheriff's deed covered land in dispute; (b) that sheriff's deed to Gibbes only created a life estate, and therefore, Gibbes' deed to plaintiff created a like estate; (c) that it appearing on the face of the deed from the Sinking Fund Commission to Gibbes certain badges of fraud, to wit, a nominal and illegal consideration, a private sale by said commission to its authorized agent upon undisclosed and unauthorized terms, it was for the jury to determine whether or not said sale was fraudulent, and if so, it was void."

The first point is well taken; there was a question as to whether the land was covered by the sheriff's deed or not.

(b) This question does not appear to have been made in the Circuit Court. Even if it had been made, the deed would have been for the life of Gibbes and not of Nicholson, and the case does not show that Gibbes is dead, or that any estate that may have been conveyed for his life was terminated, or even that only a life estate was conveyed to Gibbs.

(c) There is nothing in the case upon which to base a charge of fraud or illegality. The consideration is "one

dollar and other valuable consideration." It does not appear what was the value of the other considerations. The Courts cannot find fraud on no evidence.

Exception VII:

"That his Honor erred in not granting the motion for a new trial on the first ground made therefor, to wit: 'In not holding and instructing the jury that the tax deed from Sheriff R. B. Williams to Nicholson was null and void unless Nicholson went into possession of the land under it,' where the issue was squarely before him, the error of law being found in holding a tax deed valid without previous assessment and without possession thereunder.

"Also, on the second ground made therefor, to wit: 'In instructing the jury that the Supreme Court had passed upon the validity of the deeds making up plaintiff's title, when evidence was before the Court to the effect that there was no assessment of property before sale by sheriff, and the land in dispute could not be identified by the boundaries given in the sheriff's deed,' the error of law being found in instructing the jury that the Supreme Court had decided a question where certain material evidence was not before it, and certain points never raised, and making such decision applicable to an entire change of conditions.

"Also, on the third ground made therefor, to wit: 'In taking away from the consideration of the jury what defendant's attorney had argued was the main issue in the case, the question as to whether plaintiff or defendant had prior possession, the error of law being found in assuming that because the Supreme Court had decided this question, on a motion for a nonsuit, that such decision was applicable to the trial of the case when additional evidence was adduced."

(a) The case contains no such deed. Possession 10, 11 is necessary to maintain an action for trespass and also to complete a tax title.

(b) It is not entirely clear just what is the error complained of here. The assessments spoken of in the case were subsequent to the sheriff's deed and could not affect it.

(c) This is sustained, for the reasons above stated.

Exceptions VIII and IX, if errors at all, were errors of that special trial, and as the case is to be sent back for a new trial, are now academic and need not be considered.

The judgment is reversed and the case is remanded to the Circuit Court for a new trial.

MR. JUSTICE GAGE did not sit in this case.