### LYLES v. FELLERS

#### (127 S. E., 841)

1. TRESPASS—ONE IN POSSESSION CAN RECOVER FROM TRESPASSER WHO MAY NOT SHOW DEFECTS IN POSSESSOR'S TITLE.—One in possession of land is presumed to have title and can recover from trespasser invading his possession, and trespasser may not show defects in possessor's title in order to defeat his rights claimed from possession.

2. TRESPASS—DIRECTION OF VERDICT, WHERE BOTH PARTIES CLAIMED POSSESSION, HELD ERROR.—In action for trespass on realty, where both parties claimed possession and introduced evidence in support thereof, it was error for Court to direct verdict for defendant on theory that he had legal title; plaintiff being entitled to recover, if he had actual possession, and question of possession being for jury.

Before Whaley, J., Richland, 1924. Reversed and new trial ordered.

Action by Mary E. Lyles against Edgar M. Fellers. Judgment for defendant and plaintiff appeals.

*Mr. James S. Verner,* for appellant, cites: *Action of trespass based on possession:* 91 S. C., 231; 97 S. C., 130; 86 S. C., 358; 91 S. C., 464; 95 S. C., 328; 105 S. C., 339. *Effect given to judgment roll offered in evidence:* 116 S. C., 11; 12 S. C., 153; 24 S. C., 355. *Latent ambiguity in deed question for the jury:* 92 S. C., 65; 2 Strob., 156; 1 Strob., 143; 1 Rich., 135; 22 S. C., 507; 44 S. C., 548; 67 S. C., 18; 80 S. C., 472; 61 S. C., 287; 118 S. C., 492; 26 S. C., 160; 566. *Older of two deeds of same grantor takes precedence:* 71 S. C., 327; 3 Rich., 101; 5 Rich., 267; 33 S. C., 184; 14 S. C., 550; 17 S. C., 139. *Defendant must show title in himself:* 91 S. C., 234; 105 S. C., 338; 110 S. C., 478; 97 S. C., 132. *Title in issue in action of trespass:* 114 S. C., 380. *Adverse possession question for the jury:* 110 S. C., 479; 105 S. C., 329, 341; 107 S. C., 204; 82 S. C., 215; 39 Ann. Cas., 911 note. *Reference to document not evidence of it:* 37 S. C., 73; 12 S. C., 144; 58 S. C., 382. *Burden of proof on claimant of realty:* 71 S. C., 322; 33 S. C., 19.

*Messrs. Weston & Aycock* and *U. L. Rast,* for respondent, cite: *Tracing title to common source:* 123 S. C., 67. *Possession presumed to follow legal title; how rebutted:* 103 S. C., 84; 102 S. C., 395; 71 S. C., 322; 2 Strob. Eq., 113; Code of Proc., 1922, Sec. 320. *Plaintiff to prove title:* 114 S. C., 381; 97 S. C., 132. *Boundaries of land claimed under color of title:* 59 S. C., 115; 2 C. J., 250. *Trespass cannot ripen into good title:* 86 S. C., 461. *Parol gift insufficient without adverse possession:* 26 S. C., 608; 2 Hill 496; 1 Hill 488; 2 Bailey 59; 4 Strob. Law 25; 28 C. J., 655. *Evidence of adverse possession:* 4 Strob. L. 25; Code of Civ. Proc., 1922, Sec. 324; 1 McM.,

354; 107 S. C., 204. *Possession prima facie evidence of title:* 110 S. C., 474; 91 S. C., 464; 91 S. C., 231. *Burden of proving adverse possession:* Harp., 232. *Adverse possession defined:* 105 S. C., 320; 89 S. E., 1021; 110 S. C., 474; 1 Cyc., 81; 2 C. J., 80; 2 C. J., 99. *Fencing as evidence of occupancy:* 30 Ca., 408; 19 Ky. L., 1682; 44 S. W., 111; 2 C. J., 64. *Proceedings presumed regular after twenty years:* 106 S. C., 486; 118 S. C., 428; 112 S. C., 392.

May 15, 1925.

· The opinion of the Court was delivered by MR. JUSTICE FRASER.

The statement in the case is:

"This action for damages for trespass upon the lot of land described in the complaint was commenced by the service of summons and complaint on the defendant on the ———— day of ————, 19—.

"In her complaint the plaintiff alleges:

" 'That the plaintiff at the times hereinafter named, and for many years prior thereto, was in quiet and peaceable possession of all that lot of land situate in the City of Columbia, County and State above named, described as follows, to wit: On the east side of Scott's alley, a northern extension of Sumter Street, and fronting thereon 92 feet, 6 inches, and running back therefrom in parallel lines to the land formerly of Simeon Fair, said lot being rectangular in shape, and bounded on the north by lot formerly of John Riley, east by land formerly of Simeon Fair, south by land of John Agnew, west by Scott's alley, except the southwest corner of the said lot of land, which was conveyed by William H. Lyles, this plaintiff's predecessor, to Tobias Derrick, fronting 55 feet, 7 inches on Scott's alley, and extending back therefrom 153 feet, which lot is now owned by W. S. Pope, holding the same as her own.

" 'That on or about the ——— day of May, 1923, while the plaintiff was. in such quiet and peaceful possession of said lands, the defendant, Edgar M. Fellers, in person and by his servants and agents, willfully and maliciously and without the consent and against the will of the plaintiff entered upon the eastern end of the said lot of land and tore down and removed a portion of a wire fence which this plaintiff had caused to be erected on the lines of her said lot, trod down the grass, and committed divers other trespasses thereon, to her damage $500.'

"By her complaint the plaintiff asked for judgment against the defendant in the sum of $500 and the costs of the action.

"In this answer, after pleading a general denial, the defendant, as a second defense, alleges as follows:

" 'That neither the plaintiff, her grantor, predecessor, nor ancestor has been seized or possessed of the premises described in the complaint within 10 years next preceding the commencement of this action, but this defendant, his grantor, and predecessor in title has been in actual, continuous, open, and notorious possession of the premises described in the complaint under a claim of ownership founded on a written instrument for more than 10 years next preceding the commencement of this action. And this defendant alleges that he, his ancestors, predecessors, and grantors have been in actual, continual, open, and notorious possession of the premises described in the complaint for more than 20 years next preceding the commencement of this action. And this defendant alleges that he is now seized in fee of the lands described in the complaint, and that the acts of trespass complained of were done by this defendant by virtue of his ownership of the said premises.'

"Upon the call of the case it was agreed to allow each side to introduce anything relating to their respective title; but there was no argument as to the legal effect of any records that might be introduced. And it was also agreed that both the plaintiff and the defendant traced title from a common

source, to wit, the estate of Alexander Brodie, Sr., who owned the premises in dispute about the time of the Civil War.

"After all the evidence had been submitted, the presiding Judge, on motion of the attorneys for the defendant, directed a verdict in favor of the defendant upon the grounds hereinafter set forth."

It is thus seen that both plaintiff and defendant rely upon possession.

In *Nicholson v. Villepigue,* 97 S. C., 132; 81 S. E., 495, we find:

"In the former appeal this Court held that, where one is in possession of a tract of land, he is presumed to have title and can recover from a trespasser who invades his possession, and that the trespasser cannot show defects in plaintiff's title in order to defeat the action, i. e. defeat his rights claimed from possession.

"No fact was found by this Court, and it had no jurisdiction to find the facts. Under the general denial, the plaintiff was put to proof of his possession, and, after all the evidence was in, it was for the jury to decide whether plaintiff ever had possession or not."

It was error to direct a verdict, and the judgment appealed from is reversed and a new trial ordered.

Mr. Chief Justice Gary and Messrs. Justices Watts and Marion and Mr. Acting Justice Jas W. Johnson concur.