### LYLES v. FELLERS

(136 S. E., 13)

1. TRESPASS—PLAINTIFF, IN TRESPASS QUARE CLAUSUM FREGIT, MUST HAVE POSSESSION AND RIGHT THERETO.—To maintain action of trespass *quare clausum fregit*, there must be a possession or a right to it.

2. TRESPASS—PLAINTIFF WITHOUT TITLE MUST HAVE ACTUAL POSSESSION TO MAINTAIN TRESPASS QUARE CLAUSUM FREGIT.—Where plaintiff has title, an entry gives sufficient possession to support action of trespass *quare clausum fregit,* though without title possession must be actual.

3. TRESPASS—POSSESSION WITHOUT TITLE WILL NOT SUPPORT TRESPASS QUARE CLAUSUM FREGIT AGAINST HOLDER OF TITLE.—Possession without title will support an action of trespass *quare clausum fregit* against a wrongdoer, but not against a defendant proving title in himself.

4. TRESPASS—PLAINTIFF, IN TRESPASS QUARE CLAUSUM FREGIT, MUST PREVAIL EITHER ON HIS TITLE OR HIS POSSESSION.—Plaintiff, in action of trespass *quare clausum fregit,* must recover either on his possession or on his title.

5. TRESPASS—CONSTRUCTIVE POSSESSION WILL SUPPORT TRESPASS QUARE CLAUSUM FREGIT AGAINST DEFENDANT NOT IN ACTUAL POSSESSION.—Constructive possession is sufficient to support action of trespass *quare clausum fregit,* where defendant is not in actual possession.

6. TRESPASS—WHERE NO ONE HAS ACTUAL POSSESSION, TITLE HOLDER HAS CONSTRUCTIVE POSSESSION SUPPORTING TRESPASS QUARE CLAUSUM FREGIT.—Where no one has actual possession, person having title has constructive possession, and may sue in trespass *quare clausum fregit.*

7. ADVERSE POSSESSION—TITLE BY ADVERSE POSSESSION MAY BE AFFIRMATIVELY ASSERTED AGAINST ONE NOT UNDER DISABILITY.—Person having title by adverse possession may affirmatively assert it against one not protected by some disability.

8. ADVERSE POSSESSION—POSSESSION UNDER PAROL GIFT BY DEFINED LIMITS WILL CONFER TITLE TO EXTENT THEREOF, BUT IF UNASCERTAINED, TO EXTENT OF ACTUAL POSSESSION ONLY.—Possession under parol gift by well-defined limits will confer title to the extent of such limits, otherwise only to extent of actual possession.

9. ADVERSE POSSESSION—POSSESSION OF PART IS POSSESSION OF ALL LAND COVERED BY POSSESSOR'S TITLE.—Possession of a part is possession of all of the land covered by party's title.

10. ADVERSE POSSESSION—IN ABSENCE OF COLOR OF TITLE, POSSESSION EXTENDS ONLY TO ACTUAL OCCUPANCY.—Where there is no color of title, possession extends only to actual occupancy.

11. ADVERSE POSSESSION—ADVERSE POSSESSION CONTINUOUSLY FOR 20 YEARS WARRANTS PRESUMPTION OF GRANT.—Possession which is adverse and continues for 20 years warrants a presumption of a grant of land.

12. ADVERSE POSSESSION—PRESUMPTION OF A GRANT GIVES TITLE.—The presumption of a grant from continuous adverse possession gives title to land.

13. ADVERSE POSSESSION—CLAIMANT OF TITLE BY ADVERSE POSSESSION MUST SHOW EXTENT THEREOF.—Plaintiff claiming title by adverse possession must show the extent of his possession.

14. ADVERSE POSSESSION—BURDEN OF PROOF OF ADVERSE POSSESSION IS ON ONE ASSERTING IT.—Burden of proof of adverse possession is on the one relying thereon.

15. ADVERSE POSSESSION—LAW ALWAYS PRESUMES OWNER IN POSSESSION, EXCEPT WHERE PROPERTY IS HELD ADVERSELY.—The law always presumes the real owner in possession, except where the property is held adversely to him.

16. ADVERSE POSSESSION—CHARACTER OF POSSESSION IS FOR JURY.—Character of possession is a question for the jury.

17. ADVERSE POSSESSION—WHETHER PLAINTIFF HAD POSSESSION FOR STATUTORY PERIOD UNDER PAROL GIFT HELD FOR JURY.—Whether plaintiff went into possession under parol gift, and held possesion for statutory peroid, *held*, question for jury.

18. TRESPASS—PLAINTIFF IN TRESPASS QUARE CLAUSUM FREGIT, THOUGH IN POSSESSION, CANNOT PREVAIL AGAINST DEFENDANT TITLE HOLDER.—Possession by plaintiff in action of trespass *quare clausum fregit* does not entitle her to verdict, since defendant may make out a defense by showing title in himself.

19. TRESPASS—DEFENDANT IN TRESPASS MAY JUSTIFY ENTRY BY SHOWING TITLE IN HIMSELF, BUT NOT IN THIRD PERSON WITH WHOM HE IS UNCONNECTED (CODE CIV. PROC. 1922, §§ 320-324).—In action of trespass *quare clausum fregit,* defendant may justify his entry on plaintiff's actual possession by showing title in himself but not by showing title in a third person with whom he is unconnected, in view of Code Civ. Proc. 1922, §§ 320-324.

20 ADVERSE POSSESSION—CONSTRUCTIVE POSSESSION UNDER DEED CANNOT EXTEND BEYOND FIXED BOUNDARIES.—Constructive possession of holder under deed cannot extend beyond the boundaries fixed therein.

21. ADVERSE POSSESSION —ORAL GIFT OF LAND WILL NOT SUPPORT CONSTRUCTIVE POSSESSION.—Oral gift of disputed land is insufficient to support constructive possession.

22. ADVERSE POSSESSION—CONSTRUCTIVE POSSESSION MAY BE RESTRICTED BY DECLARATIONS INDICATING INTENT NOT TO CLAIM TITLE COEXTENSIVE WITH BOUNDARIES OF HIS COLOR.—Constructive possession may be restricted by acts and declarations of occupant, indicating that he does not claim title coextensive with the boundaries of his color.

23. ADVERSE POSSESSION PAROL GIFT DOES NOT GIVE TITLE WITHOUT ADVERSE POSSESSION FOR 10 YEARS.—A parol gift is insufficient to give title without adverse possession for 10 years.

24. APPEAL AND ERROR—EXCEPTION COMPLAINING OF CHARGE WHICH "IN EFFECT" PREJUDICED PLAINTIFF HELD DEFECTIVE FOR FAILURE TO SHOW WORDS USED.—Exception complaining of charge *held* defective for failure to show the words used which "in effect" prejudiced plaintiff.

25. TRESPASS—REFUSAL TO CHARGE THAT THERE WAS NO EVIDENCE OF POSSESSION OF DEFENDANT IN TRESPASS QUARE CLAUSUM FREGIT HELD PROPER.—In action of trespass *quare clausum fregit,* denial of charge that there was no evidence of defendant's possession *held* not error, in view of facts.

26. ADVERSE POSSESSION—IN ACTION OF TRESPASS QUARE CLAUSUM FREGIT, DEFENDANT, FOUNDING TITLE ON WRITTEN INSTRUMENT, NEED NOT SHOW INCLOSURE OR CULTIVATION.— In action of trespass *quare clausum,* where defendant's title is founded on a written instrument, he does not have to show inclosure or cultivation.

27. TRESPASS—IN TRESPASS QUARE CLAUSUM FREGIT, INSTRUCTION IN LANGUAGE OF STATUTE AS TO PRESUMPTION OF POSSESSION IN HOLDER OF LEGAL TITLE HELD PROPERTY GIVEN (CODE CIV. PROC. 1922, § 320).—In action of trespass *quare clausum fregit,* where defendant put title in issue charge in the language of Code Civ. Proc. 1922, § 320, as to presumption of possession in holder of legal title, *held* properly given.

28. TRIAL—COURT'S CHARGE THAT INSTRUCTION REQUESTED BY PLAINTIFF SHOULD BE TAKEN IN CONNECTION WITH ONE OF DEFENDANT'S HELD NOT IMPROPER MODIFICATION.—Court's statement that one of plaintiff's requested charges should be taken "in connection with one of defendant's" *held* not improper modification thereof.

29. APPEAL AND ERROR—MINOR ERRORS ARE NOT GROUND FOR REVERSAL, WHERE REASONABLE JURY COULD NOT FIND FOR APPELLANT.—Where it is clear that no reasonable jury could render verdict under a proper charge for appellant, minor errors are not ground for reversal.

Before WHALEY, J., Richland, 1926.   Affirmed.

Action by Mary E. Lyles against Edgar M. Fellers. Judgment for defendant, and plaintiff appeals.

The following is a portion of the Court's charge, and appellant's exceptions 5, 6, 8, and 9: ·

In order to sue a trespasser, if one is a trespasser, one does not necessarily have to have the title in the first instance. One can come in and allege that one has the possession. One may not have had that possession more than a day, maybe a year, more or less, but, if one has that possession, and another invades that possession, one has a right to come into Court and sue that other for damages. If one has made out that case of possession, and by that the law means actual possession of the premises in dispute, then, if it is so set up in the answer, the defendant can bring the title of the property into dispute before the Court, then it might happen that the jury has to decide who owns the property.

Now, she alleges that she had the possession of it, peaceable and quiet possession, and that that was invaded.

Now, she admits in Court here that she had no deed to it, that it was a verbal gift of the land to her, but that did not take away from her her right, whether she had been given it or not. That did not take away her right to come into Court, if she had actual possession, and sue another who invaded that possession, because the law considers possession a very strong characteristic of a property right. It is something which the law will protect, not only because it deals with property, in which, after all, any country finds its economic strength, but because in connection with that possession, if others are allowed to interfere with that possession unduly or improperly, it might give rise to breaches of the peace, it might eventually give rise to murder; so that, if one has actual possession, and the plaintiff has to prove

that to settle it, that burden is on her to prove that she had actual possession of that property, and, if she had that, the law would presume what? In order to protect that possession as against another—an outsider entering on it —the law would then presume that she had actual title; if she showed actual possession, and was occupying the piece of land, or was using it, or that piece of land was cultivated, to the world, or presented to the world that she actually was entitled to it, and had possession of it, the law would presume from that possession that she had title to it, or it would say otherwise if she did not show that. But that presumption, even if she has proven actual title, that presumption of title would only be *prima facie.* It would not be conclusive; but, if she has proven actual possession, then the law would assume or presume that she had title. then what would happen? She would be entitled to recover if that possession was invaded, unless the defendant has come in and shown by affirmative evidence that he had a good or perfect paper title, because, if he should come in and prove that he has a perfect paper title, the presumption, which the law might indulge in from her actual possession, if she had actual possession that she had a title, would fall in the face of a perfect paper title.

(5) Because it was error for his Honor to charge the jury, in effect, that they might find that the defendant had proven a perfect paper title to the lot in question. When the deeds from the Brodie estate to the Fair lot called for the Ferguson lot as its western boundary, and when the Ferguson lot from the Brodie estate calls for the Fair lot as the eastern boundary and no mention was made in either of the deeds of any physical marks or boundaries, and plaintiff had offered testimony tending to show that the disputed line is the boundary between the two lots.

(6) Because his Honor refused the plaintiff's seventh request to charge, which was as follows: "There is no

evidence in this case to show actual possession of the disputed lot in question by the defendant or any one through whom he claims prior to the time when it is alleged in the complaint that he tore down the fence which had been erected by the plaintiff"; the error being that the said request contained a correct proposition of law applicable to the issues raised by the pleadings and evidence.

(8) Because his Honor charged defendant's sixth request, as follows: "Where defendant's title is founded on a written instrument, he does not have to show inclosure or cultivation"; the error being that by such request the Judge charged the jury, in effect, that defendant's title was founded upon a written instrument, and that plaintiff's title was not.

(9) Because his Honor charged the defendant's eighth request, which was as follows: "In every action for the recovery of real property, or the possession thereof, the person establishing a legal title to the premises shall be presumed to have been possessed thereof within the time required by law; and the occupation of such premises by any other person shall be deemed to have been under and in subordination to the legal title, unless it appear that such premises have been held and possessed adversely to such legal title for ten years before the commencement of such action," and then adding: "I charge you that. You notice that expresses it that 'in every action for the recovery of real property, or the possession thereof.' This action or this claim brought by the plaintiff did not start out with the idea of being an action for the recovery of real property, but for the invasion of possession which she alleges she had at that time, but this section does apply to the issues that have arisen in the case since the issue of title has now come in and it is for the jury to decide"; the error being that first the trial Judge first charged that plaintiff's action had been, in effect, changed to an action for the recovery of

real property, and was, in effect, a charge as to the weight to be given by the jury to plaintiff's testimony as to her possession of the lot in question.

*Mr. James S. Verner,* for appellant cites: *Plaintiff entitled to directed verdict:* 131 S. C., 387; 110 S. C., 474; 105 S. C., 329; 97 S. C., 130; 95 S. C., 328; 91 S. C., 464; 86 S. C., 358. *Actual and constructive possession of real estate distinguished:* 105 S. C., 329; 3 Strob., 465; 1 N. & McC., 356. *Meaning of "continuity of possession";* 105 S. C., 329. *Color of title:* 129 S. C., 544; 69 S. E., 614. *Privity necessary between successive claimants of land to give continuity to the possession:* Words & Phrases, 5609; 22 Fed. Cas., 45. *Instrument constituting color of title merely defines limit of claim:* 129 S. C., 544.

*Messrs. Weston & Aycock* and *U. L. Rast,* for respondent cite: *Former appeal:* 131 S. C., 387. *Motion by plaintiff for directed verdict properly refused:* 100 S. C., 375. *Judgment will not be set aside for harmless errors.* 98 S. C., 262; 97 S. C., 85; 93 S. C., 420; 93 S. C., 295; 78 S. C., 81. *Defendant may defend action for trespass by showing title in himself:* 114 S. C., 381; 97 S. C., 132; 33 S. C. L., 465. *Adverse possession without color of title depends on actual possession:* 1 Cyc., 1123. *Possession by party establishing legal title presumed; adverse possession must be proved:* Code Civ. Pro., 1922, Sec. 320. *Color of title must be written instrument:* Code Civ. Pro., 1922 Sec. 321. *Kinds of possession required to sustain claim of adverse possession:* Code Civ. Pro., 1922, Secs. 322, 323 and 324; 95 S. C., 7. *Color of title limits boundaries constructively in possession:* 107 S. C., 204; 2 C. J., 250. *Same. Boundaries may be reduced by acts of claimant:* 2 C. J., 249. *Possession under parol gift may ripen into title through adverse possession:* 26 S. C., 608; 2 Hill, 496; 1 Hill, 488; 2 Bailey, 59; Bailey's Eq., 168; 4 Strob. L., 25.

December 8, 1926.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE RAMAGE.

This is the second appeal in the above case. The first appeal will be found in 131 S. C., 387; 127 S. E., 841, to which reference is here made.

Many years ago Alexander Brodie owned a tract of about 20 acres of land situate, north of Elmwood avenue and east of Scott's alley, now known as Sumter Street, in which tract the land in controversy was embraced. At the death of Mr. Brodie his land was cut up into lots which were sold by the commissioner in equity under an order of Court on February 2, 1863. The lots were platted by a surveyor, but the plat has been lost. It is admitted that the parties to this action trace their title to Alexander Brodie as a common source. The lot lying at the intersection of Scott's alley and Elmwood avenue, said to contain about eight-tenths of an acre (there being no measurements given in the deed), was sold to Robert Ferguson. Through a succession of deeds the northern portion of the Ferguson lot came into the ownership of Mr. W. H. Lyles, the grantor of the plaintiff; the lot conveyed to Mr. Lyles in his deed being bounded on the "east by land then or formerly by Simeon Fair." This deed was dated March 15, 1886.

The lot on the east had been conveyed by the commissioner in equity to Simon Fair. While it appears that the lot of Mr. Lyles was bounded on the east by the Fair lot, yet there is nothing in the record to show the actual boundary between the two lots before the deed next mentioned.

On September 17, 1901, Mr. W. H. Lyles made a deed to the plaintiff, being the northern portion of the lot previously conveyed to him, in which plaintiff's lot was described in part as "extending back 175 feet and bounded

on the east by property of————————from which it is separated by a ditch."

The ditch referred to was at that time a barrier between the plaintiff's lot and the lot lying to the east thereof, being wide and deep. This ditch began at the southeastern Ferguson corner, and extended in a northerly direction. Mr. Lyles limited plaintiff in the deed made to her to the ditch as her eastern boundary. The dispute is as to the land east of the ditch. Plaintiff claims that the land was the property of Mr. W. H. Lyles, who gave the property to her by a parol gift; that Miss Fannie Earle conveyed the land to Mr. W. H. Lyles on March 15, 1886; and that the lot in question here was contained in the deed from Miss Fannie Earle to Mr. W. H. Lyles, which said deed is claimed by plaintiff as a "color of title," by reference to which she (plaintiff) claims the land by adverse possession. She claims to have gone into possession of said land when the parol gift was made to her by her father, Mr. W. H. Lyles, in 1901, when he made the deed to the other lot just across the ditch.

This action is one for damages for trespass upon plaintiff's possession of the lot described in the complaint. In his answer defendant pleaded a general denial, and also a second defense, as follows:

"That neither the plaintiff, her grantor, predecessor, nor ancestor, has been seized or possessed of the premises described in the complaint within ten years next preceding the commencement of this action; but this defendant, his grantor and predecessor in title, has been in actual, continuous, open, and notorious possession of the premises described in the complaint under claim of ownership founded on a written instrument for more than ten years next preceding the commencement of this action. And this defendant alleges that he, his ancestors, predecessors, and grantors, have been in actual continual, open, and notorious possession of the premises described in the complaint for more than 20 years next

4—S. C.—138

preceding the commencement of this action, and this defendant alleges that he is now seized in fee of the lands described in the complaint, and that the acts of trespass complained of were done by this defendant by virtue of his ownership of the premises."

Through a succession of deeds, defendant came into possession of a part of the Simeon Fair lot. On the first trial his Honor, Judge Whaley, directed a verdict for the defendant, but this was reversed by this Court on the other appeal. On this trial the jury found a verdict for defendant, and this appeal is upon several exceptions which appear in the case.

To maintain an action of trespass *quare clausum*, there must be a possession and a right to that possession. *Grimke v. Brandon,* 1 Nott & McC., 356; *Skinner v. McDowell,* 2 Nott & McC., 68.

Where a plaintiff has a title to land, an entry gives sufficient possession to maintain trespass *quare clausum fregit,* but, where he does not rely on title, but on possession only, there the possession must be a *possessio pedis. Grimke v. Brandon,* 1 Nott & McC., 356.

A plaintiff's possession is sufficient to maintain trespass *quare clausum fregit,* until a defendant proves a title in himself. *Id.* Possession unsupported by evidence of title in sufficient to maintain trespass against a wrongdoer. *Id.* Possession alone will not enable plaintiff to maintain trespass against the rightful owner. *Skinner v. McDowell,* 2 Nott & McC., 68.

In an action of trespass *quare clausum fregit,* the plaintiff must recover either upon his possession or his title. *Rhodes v. Bunch,* 3 McCord, 66. To maintain trespass *quare clausum fregit,* the plaintiff must have either an actual or constructive possession. *Davis v. Clancy,* 3 McCord, 422 *Vance v. Beatty,* 4 Rich., 104.

A constructive possession is sufficient, where defendant is not in the actual possession. *Davis v. Clancy,* 3 McCord, 422. Where no one has the

actual possession, the person having the title has the constructive possession, and may sue in trespass *quare clausum fregit. Vance v. Beatty,* 4 Rich., 104. Title shown in a third person must, until the owner or some person under him claims advantage of it, be presumed to be the occupant, whether the occupant be defendant in trespass to try title, or plaintiff in trespass *quare clausum fregit. McColman v. Wilkes,* 3 Strob., 465; 51 Am. Dec., 637. In an action of trespass *quare clausum fregit,* the defendant may justify his entry upon the land under the plea of general issue by showing title in himself to the freehold. *Jones v. Muldrow,* Rice, 64.

A person who has been in adverse possession of land for the statutory period has a good and valid title by virtue of such adverse possession, which may be affirmatively asserted against one not protected by some disability. The statute of limitations has a double aspect; besides offering a shield of defense, it may, under certain circumstances, give title capable of being asserted actively. *Busby v. Railway,* 45 S. C., 317; 23 S. E., 50; *Mayo v. Railway Co.,* 40 S. C., 517; 19 S. E., 73; *Harrelson v. Sarvis,* 39 S. C., 14; 17 S. E., 368; *Bowen v. Team,* 6 Rich., 301; 60 Am. Dec., 127; *Campbell v. Holt,* 115 U. S., 622; 6 S. Ct., 209; 29 L. Ed., 483.

The possession of a son under a parol gift from the father, by well-defined limits, will confer title upon the son to the extent of such limits; or, if they are not ascertained, he will acquire title to his actual *pedis possessio. McElwee v. Martin,* 2 Hill, 496.

Possession of a part is possession of all the land covered by a party's title. *Darby v. Anderson,* 1 Nott & McC., 369. The deed, contract, or plat under which possession is acquired constitutes color of title, and defines or shows the extent of the occupant's claim. *Gray v. Bates,* 3 Strob., 498.

Where there is no color of title, possession extends only to actual occupancy. *Read v. Eifert,* 1 Nott & McC., 374, note. The facts necessary to authorize the presumption ·of a grant of land are that the possession was adverse, and that it was continuous for 20 years. *Smith v. Asbell,* 2 Strob., 141. From possession of land under color of title for 25 years, a grant is presumed. *Thompson v. Brannon,* 14 S. C., 542.

The presumption of a grant gives title to land. *Ellen v. Ellen,* 16 S. C., 132. The possession of a small slip of land for 10 years (adversely), with a fence, will give a good title to the land under the statute of limitations. *Smith v. Pickenpack,* 2 McMul., 72.

A plaintiff claiming title by adverse possession must show the extent of his possession. *Cantey v. Platt,* 2 McCord, 260. The burden of proof of adverse possession is on the one relying thereon. *Gourdine v. Fludd,* Harp., 232.

It may be laid down as a universal truth that the law always considers the real owner in possession, except where the property is held adversely to him. *Brooks v. Penn,* 2 Strob. Eq., 113. The character of the possession is a question for the jury. *Cantey v. Platt,* 2 McCord, 260; *Hill v. Saunders,* 6 Rich., 62; *Abel v. Hutto,* 8 Rich., 42. Where one claims title to lands by adverse possession, the question whether such possession is, in fact, adverse is for the determination of the jury. *Harrington v. Wilkins,* 2 McCord, 289.

We will now take up the exceptions:

The first exception charged error, in that his Honor did not direct a verdict for the plaintiff. We have seen above that the question of adverse possession is one for the jury. In this case the plaintiff bases her claim on a parol gift of the land and possession thereunder for the statutory period. Under the well-settled rule in

this State, this makes a question for the jury. It was for the jury to say whether or not there was a parol gift, and whether or not the plaintiff went into possession under that gift, and whether the plaintiff had acquired title by adverse possession. There was no reversible error as alleged in the first exception. And, too, the amount of damages, even if plaintiff were entitled to recover, would be for the jury.

The second exception charges error in his Honor in not directing a verdict for the plaintiff on the ground that his Honor should have ruled that plaintiff was in possession of the lot at the time the action was brought. Even if plaintiff was in the actual possession at the time of the alleged trespass, defendant can make out a defense by showing title in himself.

"It is not disputed that to sustain trespass *quare clausum fregit* the plaintiff must have had at the time of the trespass possession of the place trespassed upon; nor that in such an action, the defendant may justify his entry upon a plaintiff in actual possession by showing title in himself but not by showing title in a third person with who he is unconnected." *McColman v. Wilkes,* 3 Strob., 465; 51 Am. Dec., 637; *Lucius v. DuBose,* 114 S. C., 381; 103 S. E., 759; *Nicholson v. Villepigue,* 97 S. C., 132; 81 S. E., 494.

If defendant were not permitted to interpose his own title, plaintiff might recover damages for trespass to possession, a judgment which would leave the question of title still open, and force defendant to bring another action to test title.

"One claiming title by adverse possession, but not holding under color of title, acquires no title to any land except what is in his actual possession. There can be no constructive possession without color of title." 1 Cyc., 1123.

"In every action for the recovery of real property, or the possession thereof, the person establishing a legal title

to the premises shall be presumed to have been possessed thereof within the time required by law; and the occupation of such premises by any other person shall be deemed to have been under and in subordination to the legal title, unless it appear that such premises have been held and possessed adversely to such legal title for ten years before the commencement of such action." Code of S. C. Vol. 1, § 320.

Section 321, Code of S. C., is clear that color of title may consist only of a written instrument, or a decree or judgment of a Court. None of these is present here. The charge of his Honor as to the kind of possession required is in full accord with Sections 322, and 324 of the Code of Civil Procedure. The case of *Fore v. Berry*, 94 S. C., 71; 78 S. E., 706, Ann. Cas., 1915-A, 955, is in point here.

Section 323 of the Code of Civil Procedure is clear that actual possession for statutory period is required where there is no color of title.

Third and fourth exceptions: Plaintiff here seeks to avail herself of constructive possession of the land east of a ditch under a deed which calls the ditch her eastern boundary. There can be no constructive possession beyond a fixed boundary.

2 C. J., 250: "Reason of Rule.—The deed under which the tract possessed was held must determine, by the boundaries therein given, the extent of constructive possession, for it is under that deed the entry was made and to it other parties had the right to look in determining the extent of the claim asserted by the possession." (Citation.)

Same: "The presumption is that the occupant intends to claim only what his deed calls for, and that the land to which the occupant had no title he holds consistent with the title of the true owner." (Citations.)

Even if Mr. Lyles could have claimed the disputed area under his deed from Miss Earle by constructive possession, plaintiff cannot, for he failed to convey such right to

her when he fixed her boundary at the ditch. He made an "oral gift" of the disputed land, which cannot support constructive possession. Further, 2 C. J., 249, says:

"On the contrary, constructive possession may be restricted by the acts and declaration of the occupant, indicating that he does not make his claim of title coextensive with the boundaries of his color."

A parol gift is insufficient without adverse possession for 10 years. Person taking possession of land under a parol gift and thenceforward, holding it adversely for 10 years, acquires title to the same. *Harvey v. Harvey,* 26 S. C., 608; 2 S. E., 3;[1] *McElwee v. Martin,* 2 Hill, 496; *Sumner v. Murphy,* 2 Hill, 488; 27 Am. Dec., 397; *Hunter v. Parsons,* 2 Bailey, 59.

"The general rule is that a parol gift of land is invalid and is ineffectual to pass title to the donee; and this is true even where the gift is accompanied by possession, unless such possession is adverse as against the donor and continues without interruption for the statutory period, or unless after taking possession the donee makes permanent and valuable improvements." 28 C. J., 655; *Caldwell v. Williams,* Bailey, Eq., 175, wherein the Court refused specific performance, although the gift had been accompanied by possession but statutory period had not elapsed.

In *Golson v. Hook,* 4 Strob., 25, the Court says:

"It is clear, that by the alleged parol gift of their father, no title was vested in the plaintiffs. Having entered into possession under the gift, they might hold adversely to the donor, and thus acquire a title by the statute of limitations. By adverse possession for the statutory term, the occupant may establish a right to the land within his enclosure or actual occupation. But if he claims possession beyond the land thus occupied, the extent and limits of that possession must be defined by reference to some colorable title,

[1]Reported in full in the Southeastern Reporter; not reported in full in South Carolina Reports.

as a deed or plat, or by visible marked lines, reputed boundaries, or other equivalent evidence. No right can be founded on an undefined possession; for the jury cannot find a verdict for the claimant without evidence, which may enable them to locate the land by metes and bounds."

Fifth exception: Fails to show the words used so as to indicate how they "in effect" prejudiced plaintiff. There is no exception to the actual charge. The question is not concerned with the original lots, but their present boundaries, and there was an abundance of evidence to go to the jury on that point.

Sixth exception: That Simpson and Taylor were in actual possession cannot be questioned, for they bought about the filling of the ditch which made the disputed land valuable and resulted in plaintiff placing stakes and a fence to mark her claim. The charge requested could not have been given.

Seventh exception: Plaintiff could not claim under her grantor's deed more than he had conveyed, and she must establish 10 years' possession under the oral gift. See discussion herein under exception 4.

Eighth exception: This portion of the charge is fully supported by *Farmers' & Merchants' Bank v. Rivers,* 107 S. C., 204; 92 S. E., 753. The inference therefrom complained of is a *non sequitur*.

Ninth exception: The request of defendant is in the words of Section 320, Code C. P. The trial Judge was right, because defendant had put title in issue. See discussion under second exception.

Tenth and eleventh exceptions: These exceptions are practically the same as the seventh. Plaintiff having no color of title, the oral gift, unaccompanied by 10 years' adverse possession, was insufficient. If it be admitted that her grantor had a perfect paper title, he did not convey the disputed area to her.

Twelfth exception: We can perceive no "modification." The Judge charged the plaintiff's request as asked for. He merely said they were to be taken "in connection with one of the defendant's." We submit no harm could have been done plaintiff.

It is clear that no reasonable jury could ever render a verdict under a proper charge from the Judge in favor of plaintiff. So, even if there be minor errors, the Court will not set aside the judgment. *Lowe v. Ottaray Mills*, 93 S. C., 420; 77 S. E., 135. *Mfg. Co. v. Cas. Co.*, 78 S. C., 81; 58 S. E., 969. *Dennis v. Street Ry.*, 93 S. C., 295; 76 S. E., 711. *Settlemeyer v. So. Ry.*, 97 S. C., 85; 81 S. E., 465. *Thornton v. Spartan Mills*, 98 S. C., 262; 82 S. E., 414.

His Honor, Judge Whaley, made a fair, full, and able charge in the case, and gave the plaintiff all the rights coming to her under the law and evidence. We have gone over the record carefully, and see no reversible error. All the exceptions are dismissed.

It is the judgment of this Court that the judgment of the lower Court be affirmed.

MESSRS. JUSTICES WATTS, COTHRAN, BLEASE, and STABLER concur.

