14342

LITTLETON v. ROBERTS

(187 S. E., 349)

304

Before PLYLER, J., County Court, Greenville, January, 1936.

*Mr. B. F. Martin,* for appellant,

*Mr. D. B. Leatherwood,* for respondent,

July 28, 1936.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The plaintiff, respondent here, brought action to recover of defendant, appellant here, damages, actual and punitive, for alleged trespass upon her four-acre tract of land in Greenville County. The case was tried in the County Court by Judge Plyler, with a jury. A verdict was rendered for plaintiff in the sum of $300.00 actual damages. Thereupon Judge Plyler issued an order restraining and enjoining the defendant from trespassing upon, occupying, or using the land in dispute, or to prevent plaintiff's enjoyment, use, and possession thereof.

A motion for new trial was made on the minutes and on the ground of after-discovered evidence, which motion was denied. This appeal followed and is predicated upon nine exceptions, one of which (the eighth) has been abandoned.

The complaint alleges plaintiff's ownership and possession of the four-acre tract of land, with description thereof; that defendant owns lands immediately east of plaintiff's tract; that defendant has entered upon plaintiff's described tract of land and committed various acts of trespass thereon by cutting ditches thereon and by ploughing and cultivating the same, and did commit other acts of trespass thereon; that plaintiff has demanded of defendant that he discontinue his "acts of trespass in the unlawful occupation and use of her premises, which defendant fails and refuses to do." She demands damages and that plaintiff be "enjoined against further trespass, occupying and using plaintiff's premises."

Defendant pleads general denial, except that he admits being in possession of the land, which he claims as his own; pleads adverse possession for ten years, and for twenty years, and since 1910, when deed was made to him by J. W. Gray, Master; that neither the plaintiff, her ancestor, predecessor, or grantor, was seized or possessed of the premises within ten years, or within twenty years, before the commencement of the action. He sets up a counterclaim for damages for trespass on his land by plaintiff and seeks an injunction against further trespass.

A question which demands immediate consideration, and which may be determinative of the appeal, is this: Can the plaintiff maintain this action unless she shows actual or constructive possession of the land in dispute?

This is not an action to try title, nor is it an action to recover possession of real estate.

Admittedly it is an action in trespass *quare clausum fregit.* That action is thus defined by Black's Law Dictionary (3d Ed.), p. 1476: "That species of the action of trespass which

has for its object the recovery of damages for an unlawful entry upon another's land is termed 'trespass *quare clausum fregit,*'—'breaking a close' being the technical expression for an unlawful entry upon land."

In the case of *Berger v. Lexington Lumber Co.,* 178 S. C., 72, 182 S. E., 156, 157, this Court, speaking of an action in *quare clausum fregit,* said: "It is an action for compensation by way of damages for violation of plaintiff's possession. *Johnson v. McIlwain,* Rice, 368, 375."

In order for plaintiff to recover in this action, it was necessary for her to prove that she had actual or constructive possession of the disputed terrain at the time the alleged acts of trespass were committed.

The trial Judge charged: "When you have a claim of title you will be presumed to be in possession of everything contained in the limits of your deed." That is a correct definition of "constructive possession," but it does not go far enough in its application to this case, as we shall presently show.

In the old case of *Davis v. Clancy,* 3 McCord, 422, Judge Nott, for the Court of Appeals, said this: "It appears from the declaration, that this was an action of trespass *quare clausum fregit,* for breaking and entering the plaintiff's close. * * * This is a possessory action, *and the plaintiff must have either an actual or constructive possession to enable him to maintain it. When the defendant is not in the actual possession, a constructive possession * * * is sufficient*" (Italics added).

In the case of *Vance v. Beatty,* 4 Rich., 104, Judge Whitner, for the Court of Appeals, said:

"The question to be decided is, whether in the case made by the report of the presiding Judge, the action of trespass *quare clausum fregit* can be sustained.

"The action of trespass *quare clausum fregit* is founded on possession, and in this form recovery cannot be had without it. The possession heretofore recognized, however, may

be actual or constructive. Where the plaintiff has the actual occupancy or *possessio pedis,* the right of action has been long settled, and is indisputable. But where.no such actual occupancy exists, it has been also held that, on shewing title in himself, the plaintiff may maintain this action, because, as it is said, even although there has been no formal entry or occasional occupancy, the title to the *locus in quo* draws after its possession, and this in our cases has been called constructive possession. So, too, where there has been actual occupancy of part of a tract of land, with the limits of the claim well defined, the constructive possession extends to the whole. The cases of *Davis v. Clancy & Johnson* (3 Mc-Cord, 422), *Pearson v. Dansby & Nelson* (2 Hill, 466), and *McGraw et al. v. Bookman* (3 Hill, 265), are full to these points.

"Where there is no conflict of possession, therefore, there is no difficulty in understanding and applying these rules.

"In the case before the Court plaintiff relies on his title, and hence insists that, having shewn this, upon legal principles he has constructive possession, and the requisition of the law is met. But the defendant replies that he is the actual occupant, and opposes, therefore, his actual possession as a bar. Which, then, shall prevail?

"For a casual trespass, one resting on his title alone may maintain this action, because trespassers of this description acquire no possession and have nothing to oppose. But where the defendant is in actual possession the case is different; for, as is said in *Amick v. Frazier* (Dud., 340), it would be 'a solecism to say that one can have a constructive possession of that which is in the actual possession of another.' In this contest between actual and constructive possession the latter has always been made to yield, or, as was said in the recent case of *McColman v. Wilkes* (3 Strob., 465 [51 Am. Dec., 637]), 'it is always displaced by any actual possession'; and in the cases of *Davis v. Clancy & Johnson,* and *Pearson v. Dansby & Nelson,* already re-

ferred to for other purposes, the same principle is fully maintained."

In the case of *Lyles v. Fellers,* 138 S. C., 31, 136 S. E., 13, 16, this Court said: "In an action of trespass *quare clausum fregit,* the plaintiff must recover either upon his possession or his title. *Rhodes v. Bunch,* 3 McCord, 66. To maintain trespass *quare clausum fregit,* the plaintiff must have either an actual or constructive possession. *Davis v. Clancy,* 3 McCord, 422; *Vance v. Beatty,* 4 Rich., 104. A constructive possession is sufficient, where defendant is not in the actual possession. *Davis v. Clancy,* 3 McCord, 422."

Further from the case of *Lyles v. Fellers, supra:* "It is not disputed that to sustain trespass *quare clausum fregit* the plaintiff must have had at the time of the trespass possession of the place trespassed upon."

When these established principles are applied to the facts of this case, as shown by the record, it is patent that plaintiff cannot maintain this action. She frankly admits that defendant has actual possession—*pedis possessio*—of the land in dispute. As against this her claim of constructive possession under her deed does not avail her.

It appears from the statement set out in the record that plaintiff alleges in the complaint that "defendant has committed various acts of trespass upon plaintiff's land * * * which acts of trespass continue in that defendant did unlawfully and wilfully go upon and enter plaintiff's premises, cut and place ditches thereon, plough, cultivate and commit other acts of trespass and injury to and upon said premises; that plaintiff has made demand upon defendant to discontinue said acts of trespass in the unlawful occupation and use of her premises, etc."

The plaintiff on cross examination said: "I do not know how long Mr. Roberts has been cultivating that field. The line I now claim runs out into the field he has been cultivating. It goes straight across that corner. It does take in a part of this field which he is contending for. * * * I found him cultivating this when I went there in April of last year.

\* \* \* Mr. Roberts did remain in possession and cultivate a crop, stayed in possession and part of the crop is still there."

J. W. Jones, a witness for plaintiff, testified as follows: "I do not know how long Mr. Roberts has been in possession of the field; he is still on it with crops, there are cotton stalks there."

J. Littleton, the husband of the plaintiff, testified on cross examination: "I do not know how long he had been in possession of this land he claims as his field. \* \* \* I know there was no plowing up there on that little strip when my boy tried to put in the posts; he found Mr. Roberts down there in possession and Mr. Roberts refused to give up possession."

We have quoted nothing from the testimony of witnesses for appellant tending to show that he was in possession of the land in dispute.

It is patent by the testimony of plaintiff and her witnesses that appellant, at the time of the alleged trespass, was in actual possession of the land in dispute; hence plaintiff cannot maintain this action. The exceptions thereabout are sustained.

The exceptions make the point that the verdict for $300.00 actual damages cannot stand for the reason that there is no proof of any damage suffered by plaintiff. The contention is answered by the holding of this Court in *Cathcart v. Matthews*, 105 S. C., 329, 89 S. E., 1021, 1025, to the effect that: "Title and possession are alleged in plaintiff's intestate and a wrongful entry thereupon by Matthews, which is sufficient for an action of trespass *quare clausum fregit. Beaufort Land & Investment Co. v. Lumber Co.*, 86 S. C., 358, 68 S. E., 637, 30 L. R. A. (N. S.), 243. True, no damage is alleged, but the law will presume damage from the trespass."

The question of whether the damages awarded are excessive is addressed to the discretion of the trial Judge. We see no reason to disturb his ruling thereabout.

The exception that the defendant's plea of counterclaim has not been adjudicated is without merit.

The finding for plaintiff necessarily denied defendant's right to recover on his counterclaim.

The fourth, fifth, sixth, and seventh exceptions are decided favorably to appellant's contention by the ruling of the Court that the plaintiff cannot maintain this action of trespass in *quare clausum fregit* because she shows by evidence that defendant was in possession of the land in dispute.

The eighth exception is abandoned.

The trial Judge correctly disposed of the motion for new trial, and the exceptions relating thereto are overruled.

It is not to be understood that anything contained in this opinion has any bearing on plaintiff's right to bring her action in another form, if she be so advised. We hold simply that the action may not be maintained in this form.

The judgment is reversed, and the case is remanded, with instruction to enter judgment for defendant under Rule 27.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate.