**John Lee WOOD, Plaintiff,**

v.

**The CHAMPION PAPER & FIBRE COMPANY, Defendant.**

**Civ. A. No. 2187.**

United States District Court
W. D. South Carolina,
Greenwood Division.

Dec. 26, 1957.

J. Raymond Folk, Edgefield, S. C., Nicholson & Nicholson, Greenwood, S. C., for plaintiff.

Thomas H. Pope, Newberry, S. C., B. E. Nicholson, Edgefield, S. C., for defendant.

WYCHE, Chief Judge.

This matter is before the Court on defendant's motion to amend its Answer

and plaintiff's subsequent motion to strike the defenses added by the aforesaid amendment, both being heard, by consent of counsel, together at Greenwood on December 3, 1957.

■ Defendant's motion to amend sought to add two defenses to its Answer, denominated as seventh and eighth defenses, which, essentially, alleged that the action had previously been before the Court and had resulted in the direction of a judgment in favor of defendant and plead res judicata. The motion to amend was granted by the Court as a matter of course.

Plaintiff then orally moved to strike the two defenses so added upon the ground that the same, as a matter of law, constituted no defense and were immaterial. It was made to appear to the Court that this method of procedure had been agreed upon by the parties, defendant's counsel offering no objection thereto. And it may be added that the Court, of its own initiative, would have made inquiry along the line suggested by plaintiff had not plaintiff offered his motion.

■■ A brief recital of the history of this matter is necessary. Plaintiff heretofore commenced an action against defendant, in regard to the same subject matter, in the form of an action in trespass quare clausum fregit. The action came on for trial at the May, 1957, term of this Court for the Greenwood Division. Upon conclusion of the evidence, it appeared that the plaintiff was relying upon constructive possession, his evidence having fallen short of proving actual possession by him, and that the defendant had proven actual possession of the property in question. Consequently, this Court granted defendant's motion for the direction of a judgment in its favor, the motion being granted upon the ground that in an action in trespass quare clausum fregit, which is a possessory action, the plaintiff must show either actual or constructive possession to be entitled to damages for the trespass, and where the defend-

ant proves himself to be in actual possession, the constructive possession of plaintiff is not sufficient to support the action. Littleton v. Roberts, 181 S.C. 303, 187 S.E. 349, is exactly in point.

In so directing a verdict for defendant, this Court added this comment: "It it my opinion that the plaintiff can bring another action of trespass to try title and in which action title to the land will be determined. I do not believe that the fact that he brought an action such as the one here would bar him from bringing an action for trespass to try title."

Plaintiff then proceeded to bring an action in the form of trespass to try title, and it is to this action that the defenses in question were interposed.

Plaintiff's motion to strike the two defenses in question is proper and should be granted.

■ The following quotation from White v. McKnight, 155 S.C. 370, 385, 152 S.E. 512, 517, is appropriate:

"Because the plaintiff undertook to pursue a course which was not open to him or adopt a supposed remedy which did not in reality exist, he is not now precluded from following the only course open to him and seeking the only remedy he had at the outset * * * there cannot be said to be an election of remedies unless there are separate and distinct remedies in existence when the action is begun. As we view the case, it is a mistake of remedy that is involved and not an election between remedies."

Here, as in White v. McKnight, the plaintiff first pursued a supposed remedy which was not, as the evidence demonstrated, open to him. This mistake on his part does not deprive him of his right to pursue a correct course, if such be open to him, nor does the direction of a verdict in defendant's favor, as to plaintiff's first choice of action, because of a failure of proof on the part of plaintiff, stand as res judicata and a bar to his present action.

The case of Littleton v. Roberts, supra, is squarely in point as to this question also. There, a jury verdict in favor of plaintiff was reversed by the South Carolina Supreme Court for the same reason as this Court previously directed a verdict in defendant's favor in this matter. But after so remanding the case for entry of judgment for defendant, the South Carolina Court significantly concluded, 187 S.E. at page 352: "It is not to be understood that anything contained in this opinion has any bearing on plaintiff's right to bring her action in another form, if she be so advised. We hold simply that the action may not be maintained in this form."

Defendant's contention, in support of the validity of his additional defenses, was primarily based upon the case of Little v. Little, 223 S.C. 332, 75 S.E.2d 871. However, the distinction between that case (and other like cases cited therein) and the present situation is readily apparent. In Little v. Little, an action of trespass quare clausum fregit was transformed into an action to try title because of defendant's denial of plaintiff's title, thus putting title into issue. The subsequent verdict of the jury on the general question of title was thus properly held binding and conclusive. And in the other cases cited in Little v. Little, in support of the decision, there were also general verdicts of juries on the issue of title. Here, there was no such general verdict of a jury on the question of title. Had defendant consented, the previous trial of this case might have been treated as one to try title. Rather than this, however, defendant insisted upon a technical failure of proof on the part of plaintiff. Defendant is not now in position to contend that the issue of title was in fact determined by the previous action. It was not.

It is hereby ordered, adjudged and decreed that the amendments to defendant's Answer, denominated as Seventh and Eighth Defenses, are stricken from said Answer.