**ROY A. ANDUZE, JR., Plaintiff**

**v.**

**CHARLES LEADER and ROSETTA LEADER, Defendants**

Case No. ST-2013-CV-119

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

August 31, 2015

FRANCIS E. JACKSON, JR., ESQ., Law Offices of Francis E. Jackson, Jr., St. Thomas, USVI, *Attorney for Plaintiff.*

CLIVE RIVERS, ESQ., Law Offices of Clive Rivers, St. Thomas, USVI, *Attorney for Defendants.*

FRANCOIS, *Judge*

## MEMORANDUM OPINION

### (August 31, 2015)

Before the Court is Plaintiff's Motion for Partial Summary Judgment (the "Motion"), which was filed with the Court on October 10, 2014, and in which Plaintiff seeks summary judgment on his trespass claim. Defendants have not filed a response in opposition. Plaintiff has demonstrated that there is no genuine dispute of material fact that Defendants intentionally entered Plaintiff's property, erected structures on Plaintiff's property, and removed trees and shrubbery from Plaintiff's property. Defendants have failed to rebut Plaintiff's evidence, and have thus failed to demonstrate genuine disputes of material fact concerning their alleged trespass. Because no reasonable jury could find in Defendants' favor on Plaintiff's trespass claim, Plaintiff's Motion shall be granted.

## PROCEDURAL HISTORY

Plaintiff owns Parcels 1A and 1C Estate Thomas, 6A New Quarter, St. Thomas (respectively, "Parcel 1A" and "Parcel 1C").[1] Defendants own the adjacent Parcel 1B Estate Thomas, 6A New Quarter, St. Thomas

---

[1] Pl.'s Mem. of Law in Supp. of Pl.'s Mot. for Partial Summ. J. 2, ¶ 1.

("Parcel 1B").[2] Acknowledging that Plaintiff's and Defendants' property share common boundaries,[3] Plaintiff alleges that Defendants encroached on his property "by erecting a shed, wire fence, masonry wall, by cutting down large trees and vegetation located on Plaintiff's property, and by parking non-operable trucks on Plaintiff's property . . . ."[4] Plaintiff filed this action on March 11, 2013, seeking damages for trespass and for both negligent and intentional infliction of emotional distress. Plaintiff also requests an injunction directing Defendants to remove the shed, fence, and wall from his property.[5]

The parties were ordered to mediate this matter, and a mediation report dated April 15, 2014 indicates that all issues were resolved at mediation.[6] Approximately two months later, dissatisfied with the mediation process, Defendants fired their attorney. Defendants retained new counsel in late August of 2014. Plaintiff filed his Motion on October 10, 2014, and on December 1, 2014, Plaintiff filed a Motion to Deem Conceded Plaintiff's Motion for Partial Summary Judgment. The parties came before the Court for a status conference on Wednesday, January 21, 2015. At that status conference, the parties requested additional time to resolve this matter, stating that their money was better spent working toward a settlement than by incurring additional attorney's fees in preparation for trial. The Court granted the parties' request in an Order dated January 26, 2015 by reserving ruling on Plaintiff's Motion and ordering the parties to complete a second mediation within sixty days. The second mediation was unsuccessful. On July 16, 2015, Plaintiff requested a ruling on his Motion.[7]

## SUMMARY JUDGMENT STANDARD

"A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary

---

[2] *Id.* at 2, ¶ 2.

[3] *Id.* at 2, ¶ 3.

[4] Compl. ¶ 4; Pl.'s Mem. of Law in Supp. of Pl.'s Mot. for Partial Summ. J. 2-3, at ¶¶ 4-5.

[5] Compl. ¶¶ 5-12.

[6] Mediation Report 1.

[7] Pl.'s Mot. for Ruling on Pl.'s Mot. for Partial Summ. J. and Mot. to Deem Conceded Pl's Mot. for Partial Summ. J. 1.

judgment is sought."[8] The party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of any material fact and that it is entitled to judgment as a matter of law.[9] This burden may be met by pointing out that there is an absence of evidence to support a particular element of the nonmoving party's case.[10]

Once the moving party makes its showing, the opposing party must "make a showing sufficient to establish existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial."[11] The opposing party "may not rest on mere allegations but must present actual evidence showing a genuine issue for trial."[12] The opposing party must provide more than a scintilla of supporting evidence to survive a motion for summary judgment.[13]

The Court will consider the evidence provided by both parties and view all inferences to be drawn from that evidence in a light most favorable to the nonmoving party before ruling.[14] If the Court does not grant all of the relief requested by the motion, it "may enter an order stating any material fact — including an item of damages . . . that is not genuinely in dispute and [treat] that fact as established in the case."[15] "A fact is material if it can affect the outcome of the case,"[16] and a genuine dispute exists if the evidence is such that a reasonable jury could find in favor of the nonmoving party on the disputed fact.[17]

---

[8] FED. R. CIV. P. 56(a). Federal Rule of Civil Procedure 56 applies to this case through the operation of Superior Court Rule 7.

[9] *Id.*

[10] *Id.* 56(c)(1)(B). *Accord Boudreaux v. Swift Transportation Co. Inc.*, 402 F.3d 536, 544 (5th Cir. 2005); *Martinez v. CO2 Services, Inc.*, 12 Fed. Appx. 689, 694 (10th Cir. 2001); *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996); *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995).

[11] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

[12] *Williams v. United Corp.*, 50 V.I. 191, 194-95 (V.I. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

[13] *Joseph v. Hess Oil Virgin Islands Corp.*, 54 V.I. 657, 664 (V.I. 2011).

[14] *Id.*

[15] FED. R. CIV. P. 56(g).

[16] *Burd v. Antilles Yachting Services, Inc.*, 57 V.I. 354, 360 (V.I. 2012) (quoting *Anderson*, 477 U.S. at 254) (internal quotation marks omitted).

[17] *Anderson*, 477 U.S. at 248.

**ANALYSIS**

■ Plaintiff seeks summary judgment on his trespass claim.[18] The Supreme Court of the Virgin Islands has not defined a cause of action for trespass without mechanistically applying the Restatements of Law promulgated by the American Law Institute.[19] Where the Supreme Court of the Virgin Islands has not addressed a question of common law, or has only done so based upon the belief that the Restatements of Law represented the law of this jurisdiction, this Court must undertake the three-part analysis set forth in *Banks v. International Rental and Leasing Corp.* in order to determine the soundest rule of law for this jurisdiction.[20]

## I. APPLICABLE LAW

■ *Banks* instructs this Court to consider (a) the past practices of courts in this jurisdiction; (b) the approach of a majority of other jurisdictions, along with any competing approaches; and most importantly (c) the soundest rule of law for the Virgin Islands.[21]

### a. Past practices of courts in this jurisdiction

In the 2008 opinion of *Hodge v. McGowan*,[22] the Supreme Court of the Virgin Islands stated that "a plaintiff claiming trespass has the burden of proving that the defendant 'intentionally (a) enter[ed] land in the possession of the other, or cause[d] a thing or a third person to do so, or (b) remain[ed] on the land, or (c) fail[ed] to remove from the land a thing which he [was under a duty to remove.[]' "[23] The Supreme Court in *Hodge* derived its statement of law directly from the RESTATEMENT (SECOND) OF TORTS, Section 158, without considering whether the principles of law summarized therein represented the soundest rule of law for this Territory. As required by 1 V.I.C. § 4 before that section's implicit

---

[18] Pl.'s Mot. for Partial Summ. J. 1.

[19] *See Hodge v. McGowan*, 50 V.I. 296, 306 (V.I. 2008) (applying Section 158 of the Restatement (Second) of Torts pursuant to V.I. CODE ANN. tit. 1 § 4).

[20] *King v. Appleton*, 61 V.I. 339, 349-50 (V.I. 2014).

[21] *Id.*

[22] 50 V.1. 296 (V.I. 2008).

[23] *Id.* at 306 (quoting RESTATEMENT (SECOND) OF TORTS § 158 (1965)) (alterations in original).

repeal, other courts in this Territory have also drawn their definition of trespass from Section 158 of the RESTATEMENT (SECOND) OF TORTS.[24]

### b. Approaches taken by other jurisdictions

■ Across all jurisdictions, there is no deviation from the principle that a defendant will be liable for trespass if the defendant intentionally enters the plaintiff's land while the plaintiff was in possession of that land.[25] A defendant also commits a trespass by removing something from the plaintiff's land that the defendant was not entitled to remove, or by placing something on the plaintiff's land that the defendant was not entitled to place.[26] While the plaintiff's consent provides a defendant with

---

[24] *See, e.g., Pourzal v. Marriott International, Inc.*, Civ. No. 2001-140, 2006 U.S. Dist. LEXIS 60231, *6-8 (D.V.I. Aug. 17, 2006) (applying the principles of law summarized in Section 158 of the Restatement (Second) of Torts to analyze a civil action for trespass); *Harland v. Gore*, 41 V.I. 12, 20 (V.I. Terr. Ct. 1998) (same).

[25] *E.g., Foust v. Kinney*, 202 Ala. 392, 80 So. 474, 475 (1918); *St. Paul Church, Inc. v. Board of Trustees of the Alaska Missionary Conf. of the United Methodist Church, Inc.*, 145 P.3d 541, 558 (Alaska 2006); *Ranch 57 v. Yuma*, 152 Ariz. 218, 731 P.2d 113, 116 (1986); *Western Union Telegraph Co. v. Bush*, 191 Ark. 1085, 89 S.W.2d 723, 726 (1935); *Hoery v. United States*, 64 P.3d 214, 217-218 (Colo. 2003); *Grier v. Ward*, 23 Ga. 145, 149 (1857); *Guerrero v. DLB Construction Co.*, 1999 Guam 9 ¶ 16; *Dial v. O'Fallon*, 81 Ill. 2d 548, 411 N.E.2d 217, 220, 44 Ill. Dec. 248 (1980); *United Proteins v. Farmland Industries, Inc.*, 259 Kan. 725, 915 P.2d 80, 83-84 (1996); *Edgarton v. H. P. Welch Co.*, 321 Mass. 603, 74 N.E.2d 674, 679-80 (1947); *Thomas v. Harrah's Vicksburg Corp.*, 734 So. 2d 312, 316 (Miss. Ct. App. 1999); *White v. Suncook Mills*, 91 N.H. 92, 13 A.2d 729, 733 (1940); *Matthews v. Forrest*, 235 N.C. 281, 69 S.E.2d 553, 555 (1952); *Carvalho v. Wolfe*, 207 Ore. App. 175, 140 P.3d 1161, 1163 (2006); *Littleton v. Roberts*, 181 S.C. 303, 187 S.E. 349, 350-51 (1936); *Environmental Processing Systems, L.C. v. FPL Farming Ltd.*, 457 S.W.3d 414, 420-21 (Tex. 2015); *Kurpiel v. Hicks*, 284 Va. 347, 731 S.E.2d 921, 925 (2012); *Prahl v. Brosamle*, 98 Wis. 2d 130, 295 N.W.2d 768, 778 (1980).

[26] *E.g., Aiken v. McMillan*, 213 Ala. 494, 106 So. 150, 153 (1925); *Wiersum v. Harder*, 316 P.3d 557, 559 (Alaska 2013); *Plummer v. Reeves*, 83 Ark. 10, 102 S.W. 376, 376-77 (1907); *Drewry v. Welch*, 236 Cal. App. 2d 159, 46 Cal. Rptr. 65, 67 (1965); *Monte Vista Canal Co. v. Centennial Irrigating Ditch Co.*, 22 Colo. App. 364, 123 P. 831, 834 (1912); *Caciopoli v. Lebowitz*, 131 Conn. App. 306, 26 A.3d 136, 141-42 (2011); *J.S.F. Props., LLC v. McCann*, 985 A.2d 390, 2009 Del. LEXIS 617, at *6 (Del. 2009); *Woodford v. Alexander*, 35 Fla. 333, 17 So. 658, 660-61 (1895); *Camp v. Dixon*, 112 Ga. 872, 38 S.E. 71, 74-75 (1901); *Sells v. Robinson*, 141 Idaho 767, 118 P.3d 99, 106-07 (2005); *Roark v. Musgrave*, 41 Ill. App. 3d 1008, 355 N.E.2d 91, 92 (1976); *Sullivan v. Davis*, 29 Kan. 28, 34-35 (1882); *Crowe v. Houseworth*, 272 Md. 481, 325 A.2d 592, 594 (1974); *Michigan Land & Iron Co. v. Deer Lake Co.*, 147, 60 Mich. 143, 27 N.W. 10, 11 (1886); *Chilton v. Missouri Lumber & Mining Co.*, 144 Mo. App. 315, 127 S.W. 941, 942 (1910); *Eureka Mining & Smelting Co. v. Way*, 9 Nev. 349, 353-54 (1874); *Mullen v. Washburn*, 224 N.Y. 413, 121 N.E. 59, 60 (1918);

a defense to a trespass claim,[27] a defendant's mistaken belief that he or she owned the property upon which the trespass was committed provides no such defense.[28] Some jurisdictions have expanded upon the common-law definition of trespass by, for example, defining the distance above and below the surface of a plaintiff's property in which a trespass can occur,[29] by distinguishing between an innocent trespasser and an intentional trespasser,[30] or by explaining the difference between claims for intentional trespass and negligent trespass.[31] For the purpose of addressing Plaintiff's Motion, however, it is sufficient for this Court to acknowledge that all jurisdictions recognize a cause of action against one who intentionally enters onto the property of another, intentionally places something on the property of another without permission, or intentionally removes something from the property of another without permission.

### c. The soundest rule of law for the Virgin Islands

■ Given the uniform treatment of this cause of action across other jurisdictions, and in consideration of the past practices of courts in this jurisdiction, the soundest rule of law for this jurisdiction is as follows:

A defendant will be liable to a plaintiff for trespass if the defendant: (1) intentionally enters onto the plaintiff's property without the plaintiff's

---

*Francis v. Wilson*, Case No. 97CA40, 1999 Ohio App. LEXIS 224, at *20-21 (Ohio Ct. App. Jan. 25, 1999); *Doherty v. Harris Pine Mills, Inc.*, 211 Ore. 378, 315 P.2d 566, 574 (1957); *McCloskey v. Powell*, 138 Pa. 383, 21 A. 148, 150 (1891); *Ripy v. Less*, 55 Tex. Civ. App. 492, 118 S.W. 1084, 1085-86 (1909); *Stanley v. Stanley*, 2007 VT 44, ¶¶ 11-12, 181 Vt. 527, 531-32, 928 A.2d 1194, 1198 (2007); *Brown v. Bosworth*, 58 Wis. 379, 17 N.W. 241, 244 (1883).

[27] *E.g., Miller v. National Broadcasting Co.*, 187 Cal. App. 3d 1463, 232 Cal. Rptr. 668, 677 (1986); *Leonard v. Nat Harrison Associates, Inc.*, 122 So. 2d 432, 433 (Fla. Dist. Ct. App. 1960).

[28] *E.g., Gajewski v. Bratcher*, 307 N.W.2d 826, 834 (N.D. 1981); *Cundy v. Stale*, 897 P.2d 1302, 1303 (Wyo. 1995).

[29] *See, e.g., Holt v. Crest Lincoln Mercury, Inc.*, No. 283667, 1990 Conn. Super. LEXIS 1957, *7-8 (Conn. Super. Ct. Dec. 10, 1990) (citing 75 Am. Jur. 2d *Trespass* § 13) (explaining that "the orthodox common law rule has been that any intrusion into the air space above the land of another amounts to a trespass"); *Baltimore Gas & Electric Co. v. Flippo*, 348 Md. 680, 705 A.2d 1144, 1149 (1998) (collecting cases in which a defendant committed a trespass by mining underneath a plaintiff's land despite the defendant's mistaken belief that the land was his own).

[30] *E.g., American Sand & Gravel Co. v. Spencer*, 55 Ind. App. 523, 103 N.E. 426, 427 (1913).

[31] *E.g., Rockwell International Corp. v. Wilhite*, 143 S.W.3d 604, 619 (Ky. Ct. App. 2003).

permission; (2) remains on plaintiff's property without plaintiff's permission despite being obligated to leave; (3) places something on the plaintiff's property without the plaintiff's permission; or (4) removes something from the plaintiff's property without the plaintiff's permission.

By framing the soundest rule for the Virgin Islands in this manner, the Court does not intend to alter the scope of liability for trespass beyond the rule of law stated by the Supreme Court of the Virgin Islands in *Hodge v. McGowan*. However, the language from the Restatement section quoted in *Hodge* does not specify that the removal of an object from the property of another may also constitute a trespass. The removal of items naturally occurring on one's property, such as trees and shrubbery or minerals, deprives the property's owner of the use and enjoyment of his or her property. The fact that the Virgin Islands Code also refers to the removal of trees and shrubbery from the property of another as a trespass[32] reinforces the desirability of clarifying the rule of law articulated by the Supreme Court in *Hodge*. The definition adopted above is not only consistent with the definition of trespass used in other jurisdictions, it also clarifies the definition previously relied upon by other courts in this Territory to more accurately reflect the nature of a trespass.

## II. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT IN HIS FAVOR ON HIS TRESPASS CLAIM.

■ Plaintiff has demonstrated that he possesses the property in question. Plaintiff has provided a copy of an adjudication from probate case number ST-2003-PB-20, which orders that Parcel 1A be distributed from the estate of Plaintiff's father to Plaintiff.[33] Plaintiff has also provided a copy of a Trustee's Deed dated October 30, 2003, which conveys Parcel 1C from the Testamentary Trust Created in the Will of Roy A. Anduze to Plaintiff.[34] Based upon this evidence, a reasonable jury could conclude that Plaintiff owns the property on which he claims Defendants have trespassed.

---

[32] *See* 28 V.I.C. § 336(a) (providing for the imposition of treble damages against one who trespasses by cutting down or removing trees or shrubs from another's property).

[33] Pl.'s Mem. of Law in Supp. of Pl.'s Mot. for Summ. J. Ex. 2A, at 5-6.

[34] *Id.* at Ex. 2B.

Plaintiff has also introduced evidence that Defendants have caused objects to be placed on Plaintiff's property, and that Defendants have removed naturally-occurring objects from Plaintiff's property. Exhibits four and five of Plaintiff's Memorandum of Law in Support of Plaintiff's Motion purport to be surveys of the boundaries of Parcel 1A and Parcel 1B. Exhibit four illustrates that a storage shed, a masonry wall, and a fence cross the boundary between Parcel 1B and rest, in part, on Parcel 1A.[35] Exhibit four also illustrates the locations from which trees and shrubbery was removed from Parcel 1A. Exhibit five illustrates the same thing, but the masonry wall and the fence are not labeled.[36] Plaintiff has also provided an affidavit in which Plaintiff swears that shed, wall, and fence were erected by Defendants after Plaintiff took possession of the property.[37] In the same affidavit, Plaintiff swears that Defendants "removed trees and shrubbery from one of [his] properties . . . ."[38] Based upon this evidence, a reasonable jury could conclude that, after Plaintiff had taken possession of Parcel 1A and Parcel 1C, Defendants erected the shed, masonry wall, and fence on Plaintiff's property, and removed trees and shrubbery from Plaintiff's property.

Plaintiff has thus carried his burden of demonstrating that there is no genuine issue of material fact concerning the elements of his trespass claim, and that he is entitled to judgment as a matter of law. Because Plaintiff has introduced evidence from which a reasonable jury could conclude that Defendants are liable to Plaintiff for trespass, the burden shifts to Defendants to demonstrate the existence of genuine disputes of material fact on any of the elements of Plaintiff's trespass claim. Yet Defendants have not carried this burden. Defendants have filed no response in opposition to Plaintiff's Motion, and although Defendants' Amended Answer includes a general denial of Plaintiff's claims, such a denial does not constitute sufficient evidence to create a genuine dispute of material fact over whether Defendants placed a fence, shed, and a wall on Plaintiff's property, or whether Defendants removed trees and shrubbery from Plaintiff's property. Due to this lack of evidence, no

---

[35] *Id.* Ex. 4.

[36] *Id.* Ex. 5.

[37] *Id.* Ex. 2 ¶¶ 3-4.

[38] *Id.* ¶ 5.

reasonable jury could find in Defendants' favor on Plaintiff's trespass claim.

## CONCLUSION AND ORDER

Plaintiff has carried his burden of demonstrating that there are no genuine issues of material fact concerning his trespass claim, and that he is entitled to judgment as a matter of law. Defendants have not produced any evidence to rebut Plaintiff's claims, and thus have not demonstrated the existence of genuine disputes of material fact that justify submitting Plaintiff's trespass claim to the trier of fact. Although Defendants' failure to respond to Plaintiff's Motion does not relieve this Court of its obligation to ensure that summary judgment is appropriate, here the record is clear that no reasonable jury could find in Defendants' favor on Plaintiff's trespass claim.

Accordingly, it is

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment is **GRANTED**; and it is further

**ORDERED, ADJUDGED, AND DECREED** that, based on the undisputed facts presented by Plaintiff in his Motion for Partial Summary Judgment, Memorandum of Law in support thereof, and accompanying exhibits, Defendants have committed a trespass against Plaintiff by erecting a wooden shed, a masonry wall, and a fence on Parcel 1A Estate Thomas, 6A New Quarter, St. Thomas, and by removing trees and shrubbery from Parcel 1A Estate Thomas, 6A New Quarter, St. Thomas; and it is further

**ORDERED** that a copy of this Order shall be directed to Attorney Francis E. Jackson, Jr., counsel for Plaintiff, and to Attorney Clive C. Rivers, counsel for Defendants.