IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
September 01, 2022 10:13 AM
ST-2021-CV-00163
**TAMARA CHARLES**
**CLERK OF THE COURT**

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

WORLD FRESH MARKET, LLC d/b/a PUEBLO, )
                                              )
         Plaintiff, )      CASE NO. ST-21-CV-163
                                              )
        v. )
                                              )      ACTION FOR TRESPASS AND
MARTHA JOLLY and any other persons )      PRIVATE NUISANCE
conducting business with Martha Jolly and/or )
occupying space with Martha Jolly on the Property, )      **JURY TRIAL DEMANDED**
                                              )
        Defendants. )
_____ )      Cite as 2022 V. I. Super 75U

## ORDER

The Court having issued a memorandum opinion on this date, it is hereby

**ORDERED** that Defendant's Motion to Dismiss First Amended Complaint is **DENIED**;

and it is further

**ORDERED** that a copy of this Order and the accompanying Opinion shall be directed to

Michael L. Sheesley, Esquire and Francis E. Jackson, Jr., Esquire.

Dated: September ___1___, 2022

                                                **Renée Gumbs Carty**
                                           Judge of the Superior Court
                                            of the Virgin Islands

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
   Latoya Camacho
   Court Clerk Supervisor 09 / 02 / 22

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
September 01, 2022 10:14 AM
ST-2021-CV-00163
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

\*\*\*\*\*\*\*

WORLD FRESH MARKET, LLC d/b/a, PUEBLO, )
                                                       )

        Plaintiff,         )        CASE NO. ST-21-CV-163

                                         )

    v.                            )

                                       )        ACTION FOR TRESPASS AND

MARTHA JOLLY and any other persons   )        PRIVATE NUISANCE

conducting business with Martha Jolly and/or  )

occupying space with Martha Jolly on the Property, )

                                       )        **JURY TRIAL DEMANDED**

        Defendant.       )        Cite as 2022 V.I. Super 75U

                                       )

_____ )

## MEMORANDUM OPINION

¶1.    This is an action for trespass and private nuisance brought by the Plaintiff, World Fresh Market, LLC, against the Defendant, Martha Jolly. Pending before the Court is the "Motion to Dismiss Plaintiff's Amended Complaint" filed by Defendant Martha Jolly on July 14, 2022. Plaintiff responded with an "Opposition to Motion to Dismiss First Amended Complaint" on August 1, 2022. For the following reasons, Defendant's motion will be denied.

### I.    BACKGROUND.

¶2.    This case involves a dispute between a property leaseholder and a private proprietor. Plaintiff, World Fresh Market, LLC ("World Fresh") commonly known as Pueblo, is a limited liability company that engages in the business of selling produce, groceries, meats, and other products to the public. Defendant Martha Jolly ("Jolly") is an individual engaged in the business of selling fruits, vegetables, and other ground provisions from a fruit stand.

¶3.    World Fresh is the leaseholder of property known as Estate Thomas 2 6H New Quarter Saint Thomas, VI, known as Pueblo Long Bay. Pursuant to the lease agreement, World Fresh has

the right to exclusive possession of the leased premises which encompasses the supermarket building and parking lot. Defendant operates her business on the corner of the parking lot which is directly adjacent to the exit of the supermarket.

¶4.  The complaint alleges that Defendant lacks authorization and the right to occupy the leased property. Plaintiff claims that they formally requested Defendant vacate the leased premises and discontinue to engage in competition on its property. Nevertheless, Defendant presumably continued to operate her business. According to World Fresh, such activity substantially and unreasonably interferes with its use and enjoyment of the leased property and damages its business.

¶5.  Plaintiff filed a two-count complaint on April 29, 2021, alleging the following causes of action: (1) Trespass and (2) Private Nuisance (*in the alternative*).  In response, Defendant filed a motion to dismiss pursuant to Virgin Islands Rules of Civil Procedure 12(b)(6) on September 7, 2021, asserting that Plaintiff failed to state a claim for which relief can be granted. On September 28, 2021, Plaintiff filed their first amended complaint that was subsequently followed by Defendant's identical motion to dismiss filed on July 14, 2022. On August 1, 2022, Plaintiff responded with an opposition to the motion.

## II.  LEGAL STANDARD

¶6.  Virgin Islands Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. *See Mills–Williams v. Mapp*, 2017 V.I. Supreme LEXIS 35, at *11, 2017 WL 2998939 (V.I. July 14, 2017). Virgin Islands Rules of Civil Procedure Rule 8(a) governs the general rules of pleadings. *See* V.I. R. Civ. P. 8(a)(2). Rule 8(a)(2) prescribes, in pertinent part, that "a pleading that states a claim for relief must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *See id.* Additionally, Rule 8 expressly states that the Virgin Islands "is a notice pleading jurisdiction," *See* V.I. R. Civ.

2

P. 8(a). Therefore, under the Rule 8(a) standard, a complaint is permitted so long as it "adequately alleges facts that put an accused party on notice of claims brought against it." *See Mills-Williams v. Mapp*, 67 V.I. 574, 585 (2017) at *4.

### III.     LEGAL ANALYSIS

¶7.     Defendant's motion to dismiss will be evaluated against the First Amended Complaint filed on September 28, 2021. Defendant argues the complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to V. I. R. Civ. P. 12(b)(6) because it suffers from a lack of facts to establish the allegations.

¶8.     Defendant indicates three pleading deficiencies in the complaint. First, she argues the complaint has set forth "bare bones assertion that [she] has created a private nuisance" and lacks any facts to establish that allegation[1]; second, the Plaintiff does not have standing because the leased premises are utilized in common by both her and the Plaintiff[2]; and third, "the cause of action for trespass contains conclusory statements that do not sufficiently set forth a claim"[3]. Defendant agues the Complaint must be dismissed because they have failed to put forth any facts to establish that allegation. To support her motion, Defendant relies on *Boyd v. Latalladi*, 8 V.I. 173, 177-79 (V.I. Mun. Feb. 17, 1971) by arguing that Plaintiff must allege certain elements that have been long established in Virgin Islands case law, however, failed to do so. As a reference point, Defendant applied the Restatement of Torts § 826-828 standard which states that "an intentional invasion of another's interest in the use and enjoyment of land is unreasonable and the actor is liable when three conditions are met: (1) the harm is substantial; (2) the particular use or

---

[1] Defendant's Motion to Dismiss Amended Complaint, p. 2.
[2] Defendant's Motion to Dismiss Amended Complaint, p. 6.
[3] *Ibid.*

enjoyment inferred is well suited to the locality; and (3) the actor's conduct is unsuited to the character of that locality. *Latalladi, supra.* Defendant alleges that Plaintiff failed to provide any facts that support an allegation that Defendant's actions substantially harmed and unreasonably interfered with its use and enjoyment of the leased premises. Additionally, Plaintiff failed to set forth any fact to show her conduct is unfit to the character of Pueblo Long Bay.

¶9.     Defendant next asserts that "it appears that a cause of action for private nuisance ordinarily contemplates that the Plaintiff and Defendant usually have interests in different, adjoining properties". According to Defendant, Plaintiff does not have standing to maintain a cause of action for private nuisance because the leased premises are utilized in common by both parties. Defendant is incorrect.

¶10.     Defendant further alleges that the cause of action for trespass contains conclusory statements that do not sufficiently set forth a claim. In her motion, Defendant relies on *Sewer v. Hamilton*, 2013 WL 12560425, 1 (V.I. Super. 2013) and the Restatement (Second) of Torts § 158 which states that "one has a burden of proving that the defendant intentionally (a) entered land in the possession of another or caused a thing or a third person to do so, (b) remained on the land, or (c) failed to remove from the land a thing which he was under a duty to remove.

   **A. Plaintiff has adequately plead sufficient facts to support their claim for trespass against Defendant.**

¶11.     The elements of a civil trespass claim[4] are not settled in the Virgin Islands Code. Nevertheless, courts in the Virgin Islands recognize civil trespass and have acknowledged that "all jurisdictions recognize a cause of action against one who intentionally enters onto the property of another, intentionally places something on the property of another without permission, or

---

[4] Trespass is defined in the criminal section of the V. I. Code as "the unauthorized entry on the land of another." 14 V.I.C. § 1741.

intentionally removes something from the property of another without permission." *Bassil v. Klein*, 75 V.I. 19, 33, 2021 VI SUPER 88. In *Anduze v. Leader*, 63 V.I. 347, 353 (V.I. Super. Ct. 2015) at *4, the Superior Court of the Virgin Islands performed a *Banks* analysis to determine the soundest rule for trespass for the Virgin Islands:

> A defendant will be liable to a plaintiff for trespass if the defendant: (1) intentionally enters onto the plaintiff's property without the plaintiff's permission; (2) remains on plaintiff's property without plaintiff's permission despite being obligated to leave; (3) places something on the plaintiff's property without the plaintiff's permission; or (4) removes something from the plaintiff's property without the plaintiff's permission.

¶ 12.    In *Alleyne v. Diageo USVI, Inc.*, 63 V.I. 384, 417 (V.I. Super. Ct. 2015), the Superior Court recognized intentional trespass and negligent trespass as separate torts. The Court adopted the definition of intentional trespass from the Restatement (Second) of Torts:

> One is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally (a) enters land in possession of the other, or causes a thing or third person to do so or, (b) remains on the land, or (c) fails to remove from the land a thing which he is under a duty to remove.[5]

¶13.    In this matter, Count One alleges that Jolly intentionally entered the Plaintiff's property and continues to remain there against Plaintiff's will. World Fresh did not authorize Jolly to set up and operate her business on its property. Despite Plaintiff's demand, Defendant refused to leave the property. Finally, Defendant's continuous presence on Plaintiff's premises interferes and disturbs Plaintiff's rightful possession of the leased property.

¶14.    Jolly's contention that World Fresh knowingly and willfully consented to her continuous presence on its premises because of the length of time she has conducted her business at Pueblo is

---

[5] *See* Restatement (Second) of Torts § 158.

5

illusory. Jolly concludes that World Fresh's claim is vitiated. She is mistaken.

¶15.    Comment on Clause (b) of the Restatement (Second) of Torts § 158 (1965) states that a trespass on land may be by a failure of the actor to leave the land of which the other is in possession, or a part of such land. If the possessor of the land has consented to the actor's presence on the land, his failure to leave after the expiration of the license is a trespass (see §§ 171 and 176) unless his continued presence on the land is otherwise privileged, or unless it amounts to a disseisin (see § 162, Comment c). *Id.* So too, if the actor has intruded in the exercise of a privilege conferred by law irrespective of the possessor's consent, he becomes a trespasser by remaining upon the land after the purpose for which the privilege has been given has been accomplished. *Id.*

¶16.    If the actor's entry was unprivileged, his remaining on the land may at the option of the possessor be treated as an aggravation of the original trespass of entering the land or, unless it amounts to a disseisin, as a continuing trespass which confers on the possessor a series of rights of action, unless and until the actor by his continued presence on the land disseises its possessor or acquires an easement in it. *Id.* An unprivileged remaining on land in another's possession is a continuing trespass for the entire time during which the actor wrongfully remains. Such a continuing trespass is to be distinguished from a series of separate trespasses on land.

¶17.    Therefore, the comment on Clause (b) brings this Court to the conclusion that a defendant does not need to be a trespasser immediately following an unlawful conduct. It can transition into one after it loses its privilege to occupy the land. Applying this standard to the present case, even if Jolly had an implied authorization to set up and operate her business on World Fresh's premises, she lost it after she was requested to leave the property. Assuming Jolly was a legitimate licensee at Pueblo before the dispute occurred, she lost her status quo after World Fresh formally required

her to stop operating her stand and leave the premises. The latter request transitioned her to a status of trespasser which gave rise to Plaintiff's complaint.

¶18.    Accepting Plaintiff's allegations that Jolly intentionally entered World Fresh's property without permission and remained there against Plaintiff's will, Count One sufficiently alleges a trespass claim. In conclusion, Defendant has failed to show how Plaintiff did not comply with the standards of Rules 8 and 12(b)(6) of the Virgin Islands Rules of Civil Procedure. Therefore, Defendant's motion to dismiss Plaintiff's amended complaint will be denied as to Count One.

> ### B. Plaintiff has adequately pled sufficient facts to support their claim for private nuisance against Defendant.

¶19.    Count Two alleges a nuisance claim. Jolly argues that World Fresh may be just "irritated or annoyed" with her presence. She further argues that her conduct and presence on the property was not substantial or unreasonable in its nature. With respect to private nuisance, the statutory provision authorizing private nuisance actions, 28 V.I.C. § 331, provides in its pertinent part that "any person whose property is affected by a private nuisance, or whose personal enjoyment thereof is in like manner thereby affected, may maintain an action for damages therefor." *Bell v. Radcliffe*, 2015 WL 5773561, at *9 (V.I. Super. Ct. Apr. 30, 2015). In *Bermudez v. Virgin Islands Telephone Corporation*, 54 V.I. 174, 180-93 (Super. Ct. 2011), the Superior Court concluded that "a private nuisance is an invasion of another's interest in private use and enjoyment of land".[6] *Bermudez*, 54 V.I. at 193 (quoting Restatements (Second) of Torts § 821D); *accord Bluebeard's Castle, Inc.* 44 V.I. at 252; *Torres*, 13 V.I. at 455. Additionally, that invasion "must cause significant harm [...]

---

[6] Citing 1 V.I.C. § 4, the *Bermudez* court explained that "Virgin Islands courts have been required for many years now to turn to the" Restatements in the absence of "local law." 54 V.I. at 192. However, the Court explained, "local law" relating to private nuisance "is not absent as a statute is in place." *Id.* Thus, rather than blindly relying on the Restatements, the *Bermudez* court resorted to the Restatement as an interpretive guide after carefully outlining Virgin Islands legal history, local cases, and applicable law.

involving more than slight inconvenience or petty annoyance." *Bermudez*, 54 V.I. at 193. The mere fact that an interference in the use and enjoyment of another's land is found to exist does not mean that an action for private nuisance will lie. *See Latalladi* at \*177. In determining whether an interference is sufficient to amount to a private nuisance, the question which must be answered is "whether reasonable persons generally, looking at the whole situation impartially and objectively would consider it unreasonable." *Id.* A number of factors are to be considered in making such a determination, including the gravity of the harm and the utility of the conduct. *See* Restatement of Torts § 826 Comment b.

¶20. Sections 826-828 Restatement (Second) of Torts have developed a balancing test referred to as *Gravity vs. Utility*, which provides that an intentional invasion of another's interest in the use and enjoyment of land is unreasonable and the actor is liable when (a) the harm is substantial; (b) the particular use or enjoyment interfered with is well suited to the character of the locality; and (c) the actor's conduct is unsuited to the character of that locality. *Latalladi* at \*178.

¶21. With respect to the elements of private nuisance, World Fresh alleges that Jolly is liable because she: (1) sets up and operates the stand adjacent to the World Fresh's leased property that substantially and unreasonably interferes with the Plaintiff's use and enjoyment of the property[7], (2) lacks authorization to operate the stand, lacks a business license and certification by the Virgin Islands Department of Health[8], (3) sells the same type of produce, fruits and vegetables that are sold by World Fresh[9], and (4) causes parking spots and property leased by the Plaintiff to be occupied without permission or right.[10]

---

[7] *First Amended Complaint ("FAC"), paras.* 44, 45.  
[8] *FAC, paras.* 12, 13, 15, 16, 22, 23, 44.  
[9] *First Amended Complaint ("FAC"), paras.* 14, 19.  
[10] *First Amended Complaint ("FAC"),* paras. 17.

¶22.   These allegations are sufficient to support a private nuisance claim. Unauthorized placement and operation of a private business on competitor's property is an invasion of the landowner's private use and enjoyment of land. Additionally, the sale of similar goods to those that are sold by World Fresh on their leased premises interferes with their peaceful conduct of business. Therefore, elements of the private nuisance are fulfilled.

¶23.   In weighing the gravity of harm with the utility of conduct, Plaintiff was able to establish each factor of the test in its pleading. Defendant's unauthorized business activity on Plaintiff's premises creates a competition that harms Plaintiff's business. Although Defendant engages in business similar to Plaintiff's, like selling groceries and other produce to the general public, her conduct does not suit the character of the locality because her stand is in a parking lot. Plaintiff's business, on the other hand, encompasses sale of goods within the walls of a large commercial building which is in exclusive possession of the Plaintiff. As indicated above, Jolly is a private and presumably independent self-employed vendor that sells produce under an open air.

¶24.   With regard to firmly established definition of a private nuisance in the Virgin Islands common law, Defendant erroneously drew a conclusion from the *Latalladi* case by theorizing that a concept of "separate properties" is an essential element in order to have standing in a nuisance claim. This theory is implausible because the requirement of separate but adjoining properties has not been anchored in currently effective case law or relevant statutes. This Court affirms that one does not need to have a separate or different, but adjoining property to create a private nuisance. Neither does the Court agree that Jolly was a co-tenant on the premises. Although many cases involving private nuisance claims involve conflicting neighbors, applying this narrow standard will create a void and provides no solution for claims of similar nature as the matter *sub judice*. The result of this "legal theory" would undermine a principle of liability for creating a private

nuisance where a random passerby or a visitor (regardless of their status) remain unpunished for their legal wrongdoing in disturbing one's enjoyment of land due to the fact that they do not own or possess a separate property. Therefore, based on the above-stated principles, Defendant's motion to dismiss private nuisance, Count Two is denied as well.

## IV.     CONCLUSION

¶25.     In accordance with the analyses above, the Court will deny Defendant's motion to dismiss Plaintiff's First Amended Complaint. An Order consistent with this Opinion shall be entered.

Dated: September 1, 2022

**Renée Gumbs Carty**
Judge of the Superior Court
of the Virgin Islands

ATTEST:
Tamara Charles
Clerk of the Court

By: _____
for Latoya Camacho
    Court Clerk Supervisor 09 / 02 / 22

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
September 02, 2022 10:17 AM
ST-2021-CV-00163
**TAMARA CHARLES**
**CLERK OF THE COURT**

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Thomas/St. John

WORLD FRESH MARKET, LLC,
                      Plaintiff

v.

MARTHA JOLLY PACQUETTE,
                      Defendant.

Case Number: ST-2021-CV-00163

Action: **Nuisance and Trespass**

# NOTICE OF ENTRY
# OF A
# MEMORANDUM OPINION AND ORDER

**To:** Michael L. Sheesley, Esq., via email      Francis E. Jackson, Jr., Esq. via email

Please take notice that on September 02, 2022
a(n) _____ Memorandum Opinion and Order _____
dated _____ September 1, 2022 _____ was/were entered
by the Clerk in the above-titled matter.

Dated: September 02, 2022

Tamara Charles
Clerk of the Court

By: _____
C'Aylah Charleswell
Court Clerk I